## MITCHELL v. BATES.

1. NEW TRIAL—MAGISTRATE—VERBAL NOTICE.—A motion for a new trial before a magistrate, made and entered on his docket within five days after trial, and on fifth day noticed *verbally* to adverse party, and thereafter argued and decided, is within the Code provisions. *State ex rel. Erwin* v. *Ashe,* 41 S. C., 92, *distinguished from this.* Code, 408, *construed.*

2. "CASE."—FACTS of a case appearing only in argument will not be considered on appeal.

3. NEW TRIAL—NOTICE.—Motion for new trial before magistrate may be made and entered by him on legal holiday.

Before GAGE, J., Greenville, August, 1899.    Reversed.

Action by Susan Mitchell against R. D. Bates and J. P. Pool.

From order of magistrate granting a new trial, defendants appeal, and the Circuit Judge made following order:

This was an appeal on the part of the plaintiff from an order in the cause made by N. P. Whitmire, magistrate, granting a new trial. The case was tried before said magistrate on the 30th of June, 1898, and a judgment entered on that day in favor of the plaintiff and against the defendants for $25.20. From this judgment no notice of appeal was given by the defendants; but on the 4th day of July thereafter, defendants' attorney went before the said magistrate, and without the presence of plaintiff or her attorneys, and without any notice of any kind to them, made a motion for a new trial in the case. The only and first notice that plaintiff had that said motion had been made was that on the 5th day of July, 1898, the next day after the motion was made, A. C. Welborn, Esq., defendants' attorney, met A. Blythe, Esq., plaintiff's attorney, on the street in Greenville, and informed him that he had made the motion on the day before, and asked him when he wished to argue it. Plaintiff's attorney declined to have anything to say in reference to the matter. Nothing further was done until November following, when the said magistrate made and entered an order granting the defendants a new trial. From this order plaintiff appealed on several grounds.

The case was fully argued before me on all the grounds. I shall rest my decision on the law of the case, and it will not be necessary for me to consider the fifth ground of appeal. I think that the plaintiff was entitled to some kind of notice of the motion for a new trial. No notice was given. I, therefore, sustain plaintiff's second ground of appeal. It further appears that the motion for a new trial was made on the 4th of July, a legal holiday. Public offices are not supposed to be open for business on such days, and any *proceed-*

*ing* or motion in a cause pending in a court without consent of parties is illegal and void. I, therefore, sustain plaintiff's third ground of appeal. It is, therefore, ordered and adjudged, that plaintiff's appeal be sustained and the order of the magistrate herein appealed from granting a new trial, be reversed and set aside.

It is further ordered, that plaintiff have leave to enter judgment for the sum of $25.20, the amount found due plaintiff by defendants, together with the cost of the action, and issue execution for the same.

Defendants appeal on the following exceptions:

I. The Court having properly held in said order that the defendants' attorney notified the plaintiff's attorney on July 5th, 1898, that the motion for a new trial had been made the day before, erred in using the following language immediately after: "And asked him when he wished to argue it. Plaintiff's attorney declined to have anything to say in reference to the matter." There is nothing in the case to support this part of the said order.

II. The Court erred in holding that "Nothing further was done until November following, when the said magistrate made and entered an order granting the defendants a new trial;" whereas, he should have held that said order for a new trial was granted after argument of counsel.

III. The Court erred in holding that "No notice was given" "of the motion for a new trial;" whereas, he should have held that the motion for a new trial was made to the magistrate on July 4th, 1898, and entered in his docket, and notice thereof was given to plaintiff's attorneys on July 5th, 1898, within five days from the rendering of the judgment.

IV. The Court erred in holding that the motion for a new trial made on July 4th, a legal holiday, without consent of parties, is illegal and void; whereas, he should have held that said motion can be made by the losing party without consent of or notice to the prevailing party even on the 4th day of July, and will be legal and valid.

V. The Court should have held, and erred in not so hold-ing, that it is not the duty of the party making a motion for a new trial to give any notice to the adverse party; but that it is the duty of the magistrate, after the motion is made, to give notice to both parties of the time when and the place where he will hear argument on the motion.

*Mr. Adam C. Wilborn,* for appellants, cites: Code, 88, subs. 17 and 18; 46 S. C., 9, 509; 4 Strob., 486; 15 S. C., 110.

*Messrs. Blythe & Blythe,* contra, cite: 41 S. C., 92; Rev. Stat., 2544; 38 Wis., 673.

March 22, 1900. The opinion of the Court was delivered by

Mr. CHIEF JUSTICE McIVER. This action was originally instituted before a magistrate, and the following statement appears in the case: "The magistrate rendered judgment in this case on June 30th, 1898, in favor of plaintiff and against the defendants. On July 4th, 1898, the defendants, in the absence of, and without any notice to, the plaintiff, made a motion for a new trial, and the magistrate entered the motion in his docket. The defendants on the next day gave plaintiff verbal notice that said motion had been made. On November 19th, 1898, said motion was argued before the magistrate by both parties. That plaintiff contended that the magistrate had no power to entertain the motion and grant a new trial, because no notice had been previously given that a motion for a new trial would be made, and on this ground maintained that the motion should be overruled. The magistrate ruled against the plaintiff on this point, and the plaintiff excepted to the ruling. After the argument the magistrate reserved his decision until November 30th, 1898," when he made an order granting the motion for a new trial. From this order plaintiff appealed on five grounds. The Circuit Court passed upon only two of these grounds—the second and third—which are as follows—the

other grounds not being set out in the "Case:" "II. Because
no sufficient notice of a motion for a new trial was ever given
to plaintiff.    Defendants' attorney had no right to make the
motion in absence of the plaintiff's attorney, unless he had
previously given him notice, and his stating to plaintiff's
attorney on the street that he had made the motion, did not
cure the want of notice of the time and place of making the
motion.    III. Because said motion, if made at all, was made
on a legal holiday, and was on that account illegal."    His
Honor, Judge Gage, in a decree which is set out in the
"Case," and which should be incorporated by the Reporter
in his report of this case, sustained both of these grounds,
and rendered judgment reversing the order for a new trial
granted by the magistrate, and allowing the plaintiff to enter
judgment for the sum of $25.20, the amount found due by
defendants to the plaintiff, together with the costs of the
action.    From this judgment defendants appeal to this Court
upon five exceptions, which should likewise be set out by the
Reporter in his report of this case.

While it is quite true that there is nothing in the "Case" as
prepared for argument here which would warrant the use of
the language in the Circuit decree which is objected to in the
first exception, this language was no doubt used by the Cir-
cuit Judge because of something said by counsel in the course
of the argument before him, and we do not see that there
was anything prejudicial to appellant in using it—rather the
contrary.    The first exception may, therefore, be passed
over without further remark, as it presents no material ques-
tion in this appeal.

The remaining questions present practically but two mat-
ters for the consideration of this Court: 1st, as to the power
of the magistrate to grant a new trial on the 30th of Novem-
ber, 1898; 2d, as to whether the motion made on the 4th of
July—legal holiday—was illegal and void.    It seems
to us that the Circuit Judge in considering the first of
these questions overlooked the distinction between
the making of a motion for a new trial before a magistrate,

or to speak more accurately, *submitting* such a motion and *hearing* and *deciding* such motion, which is clearly recognized in *Speer* v. *Meschine,* 46 S. C., 505, and *Whetstone* v. *Livingstone,* 54 S. C., 539. In the former case, judgment was rendered on the 3d of April, 1895, and on that day a motion for a new trial was made, or rather submitted, and the motion for a new trial was granted on the 19th April, and the new trial was appointed for the 29th of April, 1895. Mr. Justice Jones, in delivering the opinion of the Court, after setting forth the provisions of the Code investing the trial justice with power to grant a new trial, with the further provision that no motion for a new trial shall be heard unless made within five days from the rendering of the judgment, uses this language : "It will be seen that the limitation is that the motion must be made, and is not that the motion must be decided within five days from the judgment." In the other case, Whetstone *v*. Livingstone, it appeared that the case was heard by the magistrate on the 17th of February, 1898, and a motion was *made* for a new trial on the 21st of February, which was not heard until the 25th of February, 1898, and one of the questions made in the case was whether the magistrate had any jurisdiction to grant a motion for a new trial on the 25th February, 1898—more than five days after the judgment was rendered. The Court held that, inasmuch as a motion for a new trial had been made or submitted to the magistrate on the 21st of February, within five days after the rendition of the judgment, the magistrate did have jurisdiction to hear and determine such motion on the 25th February, notwithstanding the fact that the five days had *then* expired. In the opinion of the Court, the language of Mr. Justice Jones, in Speer *v*. Meschine, is quoted with approval, and the following language is added : "Besides, under the settled rule, when a party is allowed a given number of days within which to do any act, he is entitled to do the act at any time up to the last moment of the last day allowed. Hence, under this rule, the defendant was entitled to the whole of the time allowed, even up to the last hour of

the fifth day, to make his motion for a new trial; and if he availed himself of this privilege, it would be impossible for the motion to be heard and determined within five days. A construction of the statutes leading to such a result cannot be adopted, as it would tend to defeat the very object of the statute." So that it is very clear that the fact that the motion for a new trial was not heard and determined until after the expiration of five days from the rendition of the judgment does not vitiate the order granting the new trial. But the real point made by counsel for respondent is that no sufficient notice of the motion for a new trial was given. There can be no doubt that the plaintiff's attorney on the fifth day of July, 1898, received *verbal* notice that the motion for a new trial had been made before or rather submitted to the magistrate; and there is as little doubt that on the day appointed by the magistrate for hearing the motion, "said motion was argued before the magistrate by both parties," for both of these facts appear in the "Case" as agreed upon for the hearing of this Court. There can be no doubt, therefore, that, as a matter of fact, plaintiff's attorney did have notice on the 5th of July, within the five days prescribed, that defendant had on the fourth day of July submitted to the magistrate a motion for a new trial. It is true that this notice was verbal, and, therefore, we must first inquire whether it was necessary that it should be in writing. A sufficient answer to this inquiry is that the statute, investing a trial justice (now a magistrate) with power to grant a motion for a new trial, and making regulations for the mode of exercising such power, does not require such a notice to be in writing. If it should be said that section 408 of the Code requires all notices to be in writing, it will be sufficient to say that that section is found in the second part of the Code of Procedure, which as held in *Doty* v. *Duvall,* 19 S. C., 143, does not apply to the trial justices' (magistrate) courts except when express reference is made to inferior courts; and there is no such reference in section 408. And when it is remembered that under subdivision 2 of section

88 of the Code, even the pleadings in a magistrate's court may be oral, the inference would be natural that all of the proceedings in such courts, notices, &c., may also be oral, in the absence of any statutory provisions to the contrary. This view is strengthened by the fact that even in the Court of Common Pleas, where much greater strictness is required than in magistrate's court, it has been held in *Bank* v. *Gary,* 14 S. C., 571, that in the absence of any statutory provisions requiring a notice of intention to appeal to be in writing, a verbal notice is sufficient. Then, too, it appears that the plaintiff's attorney must have had notice of some kind, whether in writing does not appear, of the time and place appointed for the hearing of the motion, for the "Case" shows that he did appear and argued the question, and, therefore, he cannot complain that he was taken by surprise. It is true that the plaintiff's counsel *in his argument here does* say that he "appeared for the purpose only of resisting any hearing, contending that the magistrate had no power to entertain the motion, as no notice had been given in time;" but it does not appear from the "Case" that plaintiff's counsel appeared only for the special purpose stated, and, on the contrary, the inference is that while he did contend that the magistrate had no power to entertain the motion for want of notice, yet the magistrate *at the hearing* overruled that contention, and "after the argument the magistrate reserved his decision until November 30th, 1898," some ten days after the hearing, and then passed an order for a new trial. This would seem to imply that after the magistrate had at the hearing overruled plaintiff's exception to the jurisdiction, other questions had been raised which made it necessary for the magistrate to reserve his decision. But be this as it may, in view of the repeated decisions of this Court to the contrary, we cannot accept any fact which is only stated in the argument of counsel, and does not appear in the "Case" or anywhere else. The case of the *State ex rel. Erwin* v. *Ashe,* 41 S. C., 92, relied upon by counsel for respondent, differs widely from this

case; for in that case a notice in the following words, "The plaintiff moves for a new trial in the case, on the ground that the verdict was against the evidence," and contained no intimation as to the time when or the place where such motion would be heard, and the same was served on Mr. McDow, defendant's attorney, at Yorkville, some ten miles distant from the place where the trial justice kept his office, late in the afternoon of the 25th of February, 1893. That same evening, after dark, the motion was heard and granted, neither the defendant nor any one to represent her being present. But in the present case it appears that respondent's attorney was not only present when the motion was heard, but argued the motion before the magistrate. It seems to us, therefore, that the Circuit Judge erred in sustaining the plaintiff's second ground of appeal.

The third ground of appeal presents the question whether the fact that the motion for a new trial was *made* on the 4th of July—a legal holiday—rendered the same illegal and void. The statute declaring the 4th of July a legal holiday, does not forbid the taking of any step in a legal proceeding on that day; and in the absence of any such statutory provision, we are not prepared to hold that any step taken in a legal proceeding on a legal holiday, such as the filing of a paper in a pending case, would be either illegal or void, for it was held otherwise in *Hiller* v. *English,* 4 Strob., 486. See, also, *Hellams* v. *Abercrombie,* 15 S. C., 110, where it was held that the execution of a mortgage on Sunday did not invalidate such mortgage; and *Mills* v. *Williams,* 16 S. C., 593, where a similar doctrine was held as to the execution of a contract on Sunday. It may be that a public officer would be justified in declining to perform any act pertaining to the duties of his office, or even to open his office, on a legal holiday; but if he consents to do so, we are unable to see anything either in the common or statute law which forbids him to do so, or renders his act void. In this case it is manifest that the magistrate did not decline to receive the motion on the 4th of July, for it is stated in the

"Case" that "the magistrate entered the motion on his docket," which was equivalent to filing a notice that a motion for a new trial would be made. It seems to us, therefore, that there was also error in sustaining the third ground of appeal.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case be remanded to the magistrate for a new trial at such time and place as he may appoint, of which due notice must be given to both parties.

MR. JUSTICE POPE. I concur in the result only, as the case of *Bank* v. *Gary,* 14 S. C., is no longer law in this State in the matter of notice, and I do not care to commit myself to notices in magistrates' courts being made verbally.