## 19666

Paul Alexander BREWER, Respondent, v. The SOUTH CAROLINA STATE HIGHWAY DEPARTMENT, Appellant

(198 S. E. (2d) 256)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Cole-man, Dep. Atty. Gen., and Joseph C. Good, Jr., Asst. Atty. Gen., of Columbia, for Appellant,* cite:

*Peter D. Hyman, Esq.,* of Florence, *for Respondent,* cites:

July 31, 1973.

Moss, Chief Justice.

Paul Alexander Brewer, the respondent herein, was arrested on February 20, 1972, by a South Carolina Highway Patrolman and charged with operation of a motor vehicle while under the influence of intoxicating liquor, in violation of Section 46-343 of the Code. At the time of the arrest he was given an official summons, stating the nature of the offense and directing him to appear for trial before a magistrate, at the Florence County Court House, on February 22, 1972 at 3 p. m. The respondent employed an attorney to represent him, who requested a jury trial, and the case was thereupon continued.

It appears that on September 25, 1972, without any notice to the respondent or his attorney, he was tried and convicted by the magistrate, without a jury, of the offense with which he was charged. The appearance bond of the respondent was ordered to be forfeited.

The magistrate, on October 1, 1972, pursuant to Section 46-347 of the Code, notified the South Carolina State High-

way Department, the appellant herein, of the conviction of the respondent. The appellant, on October 18, 1972, pursuant to Section 46-348 of the Code, notified the respondent that his driver's license was suspended from October 18, 1972 through April 4, 1973. The respondent and his attorney did not know that his case had been tried until the receipt of the aforesaid notice.

The respondent, through his attorney, on October 19, 1972, made a motion before the magistrate for a new trial on the ground that the respondent was tried in his absence without any notice to him or his attorney. It appears that on October 24, 1972, the magistrate issued an order, consented to by the prosecuting attorney, granting the respondent a new trial under the authority of Section 43-142 of the Code, and nullifying all previous proceedings relating to the conviction. A certified copy of this order was filed with the appellant asking that the suspension of the driver's license of the respondent be vacated, but such was refused on the ground that it had no authority so to do.

The respondent, on December 6, 1972, commenced this proceeding in the Richland County Court seeking an order enjoining the appelllant from suspending his driver's license and requiring the reinstatement of his driving privilege. A hearing upon the petition of the respondent and the return of the appellant was convened on January 3, 1973. Thereafter, The Honorable John Mason, Judge of the Richland County Court, issued his order enjoining and restraining the appellant from suspending the driver's license of the respondent pending the outcome of the new trial before the magistrate of Florence County. This appeal followed.

It is the contention of the appellant that the respondent did not make his motion for a new trial within five days from the date of his conviction, which was September 25, 1972, and, hence, Section 43-143 of the Code was not applicable.

The first notice that the respondent had of his conviction was when the appellant notified him on October 18, 1972,

that his driver's license was suspended. It was on the next day that he made his motion for a new trial. We think that the respondent made timely motion for a new trial within five days after receiving personal notice that a judgment of conviction had been rendered against him *in absentia*. This was in conformity with the construction this Court has placed upon Section 43-143 of the Code.

We have held that a party's time to appeal from a judgment in a magistrate's court or move for a new trial therein does not begin until he has notice of the judgment against him. *O'Rouke v. Atlantic Paint Co.,* 91 S. C. 399, 74 S. E. 930, and *O'Neal v. Atlas Assurance Co.,* 168 S. C. 174, 167 S. E. 227.

The respondent was tried by the magistrate without having given the respondent or his attorney notice of the day of such trial. Such conviction cannot stand, and the magistrate under the factual showing made, was justified in granting the new trial. *State v. Spray,* 74 S. C. 443, 54, S. E. 600, and *State v. Hewitt,* 153 S. C. 365, 150 S. E. 800.

The appellant also contends that the Richland County Court was in error in ordering the appelant to vacate the suspension of the driver's license of the respondent, it being asserted that such court was without jurisdiction to take such action because the license had been suspended in accordance with the provisions of Section 46-348 of the Code.

Under the terms of Section 46-347 of the Code, the magistrate was required to make a report to the appellant of every conviction, plea of guilty or of *nolo contendere* or forfeiture of bail posted for the violation of Section 46-343. Such report must be made within ten days after such conviction, plea of guilty or of *nolo contendere* or the forfeiture of bail.

Section 46-348 of the Code provides that the appellant "shall suspend the driver's license of any person who is convicted, receives sentence upon a plea of guilty or of *nolo contendere* or forfeits bail posted for the violation of Section 46-

343 . . . for a period of six months for the first conviction. . . ."

When the appellant receives the report required by Section 46-347 of the Code, it is mandatory upon it to suspend the license of the person so convicted. No discretion is allowed in the matter. The suspension follows as a consequence and effect of committing the offense. It is a forfeiture of the privilege to drive, due to the failure of the licensee to observe certain conditions under which the license was issued. The suspension constitutes no part of the punishment fixed by the court, nor is it an added punishment for the offense committed. It is civil and not criminal in its nature. *Parker v. State Highway Department,* 224 S. C. 263, 78 S. E. (2d) 382.

In the Parker case we held that an appeal from a conviction for a violation of Section 46-343 of the Code did not preclude the suspension of the license of the person so convicted until the determination of his appeal and an end of the prosecution.

We have held that a new trial granted on motion of the defendant in a criminal case places the party accused in the same position as if no trial had ever been had. *State v. Squires,* 248 S. C. 239, 149 S. E. (2d) 601. The conviction of the respondent having been set aside and a new trial granted there is no basis upon which the suspension of his driver's license can be sustained because the case against the respondent stands as if he had never been convicted. It follows that the trial judge was not in error in granting the restraining order from which this appeal is prosecuted.

The alleged offense with which the respondent is charged took place on February 20, 1972. The respondent was granted a new trial on October 24, 1972, and when this case was argued before this Court at the 1973 June Term, the respondent had not been re-tried. We find no valid reason in the record for this long delay. If he had been promptly

retried the necessity for the present action would have been obviated. We cannot look with favor upon such delay.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.