180

The STATE, Appellant, v. Dewey Ward ADKISON, Respondent.

(213 S. E. (2d) 591)

*Messrs. Daniel R. McLeod, Atty. Gen., J. C. Coleman, Jr., Dep. Atty. Gen., Hutson S. Davis, Jr., Asst. Atty. Gen., and Sidney S. Riggs, III, Staff Atty.,* of Columbia, *for Appellant,*

182

*Sidney T. Floyd, Esq.,* of Conway, *for Respondent,* █

April 9, 1975.

LITTLEJOHN, Justice:

This case is here on appeal from the order of the judge of the Civil and Criminal Court of Horry County dated May 6, 1974. That court reversed the order of Magistrate Leon Cannon, wherein the magistrate denied a motion of the respondent for a new trial in a case of driving under the influence of intoxicants. The State has appealed.

It appears that the respondent was arrested on February 18, 1974, by a state highway patrolman for the violation of § 46-343 of the Code of Laws of South Carolina (1962). He posted bond in the amount of $100 and was given a copy of an official summons requiring him to appear before Magistrate Cannon one week later, at 9 o'clock in the morning on February 25, 1974. Upon his failure to appear, the magistrate tried and convicted him in his absence.

Thereafter the magistrate notified the South Carolina Highway Department, as required by law, of the disposition of the case, and the department notified respondent that his license was suspended because of the conviction. The respondent received this notice on or before March 26, 1974.

Soon thereafter he approached the magistrate in an effort to get the case reopened. Failing therein, he employed counsel, who on April 8, 1974, filed a formal motion before the magistrate to reopen the case based on an affidavit of respondent attached to the motion.

The magistrate based his order refusing the motion on a legal proposition, and we think he was eminently correct. In his order he held:

"By reason of Section 7-103, Code of Laws of South Carolina, 1962, as amended, I have no choice but to deny the motion for over ten (10) days has elapsed since I signed off the ticket. It is

"*Ordered* that the motion to reopen the case be and is hereby denied."

Section 7-103, referred to in the magistrate's order, reads in pertinent part as follows:

"Time for appeal and statement of grounds; . . .—The appellant shall within ten days after sentence, serve notice of appeal upon the magistrate who tried the case, stating the grounds upon which the appeal is founded."

Section 43-142 reads as follows:

"New trials.—Any magistrate may grant a new trial in any case tried in his court for reasons for which new trials have usually been granted in the courts of law of this State. The granting of a new trial shall in no wise affect the right and duty of such magistrate to change the venue of a case as provided in 43-131."

And § 43-143 reads in this manner:

"Time for motion for new trial; appeal.—No motion for a new trial shall be heard unless made within five days from the rendering of the judgment. And the right of appeal from the judgment shall exist for five days after the refusal of a motion for a new trial."

Perhaps the magistrate inadvertently referred to § 7-103, which relates to appeals, when in actuality he was relying upon § 43-143, which relates to motions for new trial. In either event, his denial of the motion was correct. Even if we treat the respondent's informal appearance before the magistrate, asking to reopen the case, as a motion for a new trial, such did not occur until more than a month after his conviction. The formal motion made by retained counsel, on April 8, 1974, was thirteen days after the respondent was notified of his conviction and license suspension by the highway department. It is obvious that neither respondent's informal request, nor counsel's formal motion was within the time permitted for either an appeal under § 7-103, or a motion for a new trial under § 43-143.

Respondent submits that his informal request to reopen the case should be treated as a motion for a new trial, and submits that the request was made within five days after he was notified of the conviction and license suspension. We are of the opinion that time for moving for a new trial commenced to run on the day of conviction. *Brewer v. South Carolina Highway Dept.*, 261 S. C. 52, 198 S. E. (2d) 256 (1973), is of no comfort to the respondent and does not stand for the proposition, under the facts of this

case, that time does not commence to run until after notification of the conviction and license suspension. In that case the defendant was charged with driving under the influence. He employed counsel, who demanded a jury trial. Instead of granting a jury trial the magistrate tried the case without notifying either the defendant or his lawyer, and found the defendant guilty. This Court held, and obviously correctly so under the facts, that the time for appealing did not commence to run until the defendant was notified of the conviction. The facts in *Brewer* and the facts in the case before us now are not at all similar, and counsel's reliance upon that case is misplaced.

Section 46-855 provides that a highway patrolman may, in lieu of arresting an accused person, serve a summons and accept a sum of money as bail.[1] This section further provides: "The [forms] summons duly served as herein provided shall give the judicial officer jurisdiction to dispose of the matter."

In this case the respondent was notified by summons to appear before Magistrate Cannon at 9 o'clock a. m. on February 25, 1974. He did not appear, and accordingly defaulted. The magistrate properly tried the matter and fully performed his duties relative thereto. There was no obligation on the part of the magistrate to seek the respondent and notify him of his conviction. This is the important distinction between the case at bar and *Brewer*. Respondent ignored the processes of the court. If he has not had his day in court, it is his own fault and he should not be heard to complain that he was not notified of his conviction, which he knew, or should have known, would be forthcoming.

The naked conclusion of the respondent in his affidavit submitted to the magistrate that he was misled by the patrolman and by the person who gave the breathalyzer test, apparently impressed the judge of the civil

[1] Section 28-140.1, 1974 Cum. Supp. to the Code, confers upon game wardens similar authority when fish or game laws are violated.

and criminal court, but not the magistrate. Such an aver-
ment, absent facts in support of the conclusion, is certainly
no basis for granting relief in this case.

The order of the civil and criminal court is

Reversed.

Moss, C. J. and NESS, J., concur.

LEWIS and BUSSEY, JJ., dissent.

BUSSEY, Justice (dissenting):

I most respectfully dissent. While I am not in accord with
all of his reasoning, I am convinced that the judge of the
civil and criminal court reached the right result and accord-
ingly we should affirm the judgment by virtue of Supreme
Court Rule 4, section 8, which reserves to this Court the
right to sustain any judgment upon any ground or grounds
appearing in the record. I most respectfully suggest that the
opinion of Mr. Justice Littlejohn does not fully and accu-
rately reflect the facts of this case. At the time of respond-
ent's arrest he had recently moved to South Carolina from
Alabama and was still driving with a license issued by that
state. An affidavit of respondent, in the record, served upon
and not in any way controverted by the State, sets forth in
detail that he was misled as to the effect of his failure to ap-
pear before the magistrate, being "totally" misled to believe
by the patrolman who arrested him and the officer who ad-
ministered the breathalyzer test that the only result of his
failure to appear would be the forfeiture of his bond and that
as a result of being so misled he did not appear. When he
did not appear his case was disposed of in his absence. Al-
though the traffic ticket indicated that he was tried in his
absence, the magistrate had no independent recollection of
the case and it appears most likely that nothing actually oc-
curred except a bail forfeiture.

It is true that under code section 46-346 the forfeiture of
bail has the same effect as a conviction after trial for certain
purposes, but it does not follow that there is no distinction
between the two in the consideration of the issues involved

in this appeal. Thereafter the respondent, contrary to what he was led to believe by the officers, was notified by the South Carolina Highway Department that his license would be suspended because of the conviction, which notice he received on or before March 26, 1974. Upon receipt of this notice respondent went immediately to Magistrate Cannon, explained the situation to him and made an oral motion to reopen his case, so as to give him his day in court. Thereafter respondent retained counsel who, by a written motion, sought to reopen the case which motion was heard on April 12th and denied by a written order dated April 15, 1974, such being the order reversed by the Civil and Criminal Court of Horry County.

It appears from the order of the magistrate that the respondent, in effect, made an oral motion for a new trial within five days after receipt of the notice from the Highway Department. The record shows that the magistrate clearly regarded the motion to be meritorious and that he would have granted the same had he determined that he had jurisdiction or authority to do so. We quote the following from his order:

"The Defendant is from the State of Alabama and is not at all familiar with our laws. He appeared to be honest and sincere in his wishes to be allowed to show his particular position and that is that he is not guilty of the particular offense. As soon as he discovered the disposition of the case, he immediately came to see me to attempt to get the case reopened. He had not had his day in court.

"By reason of Section 7-103, Code of Laws of South Carolina, 1962, as amended, I have no choice but to deny the motion for over ten (10) days has elapsed since I signed off the ticket. It is

"Ordered that the motion to reopen the case be and is hereby denied."

In other portions of his order the magistrate noted it "probably should be reopened" and that the breathalyzer

showed .11, which was close on the question of whether he was under the influence.

The magistrate was under a misapprehension as to the applicability of code section 7-103. Code section 43-143 requires that a motion for a new trial before a magistrate be made within five days of the rendering of the judgment. There is no requirement that a motion for a new trial in magistrate's court be made in writing. Since it is beyond question that the respondent went immediately before the magistrate in an effort to get the case reopened, I conclude that he, in effect, made an oral motion for a new trial within five days of the notice of judgment against him, which I think he had the right to do, and the magistrate should have entered such motion upon his docket and proceeded to hear such after notice to the State.

The full content of the magistrate's order as to the merits of the motion for a new trial, leaves no doubt as to his disposition thereof had he concluded that he had jurisdiction. Cases controlling the disposition of this appeal, particularly the case of *Mitchell v. Bates,* 57 S. C. 44, 35 S. E. 420, are cited in the Annotation to code section 43-143.

The present case is, of course, factually distinguishable from the facts of *Brewer v. South Carolina Highway Department,* 261 S. C. 52, 198 S. E. (2d) 256, but I think it not at all distinguishable in principle. Just as in Brewer, respondent in this case has not had his day in court. According to the uncontroverted facts of the record, his failure to appear, if his fault at all, was not strictly his own fault, but was induced by statements made by representatives of the State.

The summons, of course, notified the respondent to appear before the magistrate and of this he was aware, but is he to be penalized for relying upon the statements of the officer who issued the summons and took his bail as to the effect of his failure to appear, particularly when such statements were corroborated by the officer who administered the breathalyzer

test. These were the only representatives of the State upon the scene and the ones who were responsible for the summons being issued and certainly the average citizen would have no reason to believe that he could not fully rely upon their statements. His situation is quite analogous to one who had been induced to enter a plea of guilty upon misrepresentation by the State as to what his sentence would be following such plea. Here as in *Brewer* time should not begin to run until notice of a contrary disposition.

The facts asserted by the respondent are not controverted, and contrary to the conclusion reached by Mr. Justice Littlejohn in his opinion, the record shows that the magistrate was impressed with the honesty, sincerity and veracity of the respondent; considered him entitled to his day in court and would have granted a trial or new trial had he concluded that he had any jurisdiction to do so.

LEWIS, J., concurs.