20012

Andrew ISHMELL, Respondent, v. SOUTH CAROLINA HIGHWAY DEPARTMENT and Captain Cecil Dilworth, Appellants

(215 S. E. (2d) 201)

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph C. Cole-
man, Dep. Atty. Gen.,* and *Richard P. Wilson, Staff Atty.,*
of Columbia, *for Appellants,*

*John S. DeBerry, Esq.,* of Florence, *for Respondent,*

May 14, 1975.

LITTLEJOHN, Justice:

On September 2, 1973, the respondent, Andrew Ishmell, was arrested and charged with driving a motor vehicle while under the influence of intoxicants, in violation of South Carolina Code § 46-363. He retained counsel and was tried on September 11 before Magistrate W. E. McLeod; a mistrial resulted.

On April 17, 1974, the magistrate mailed the respondent a letter, addressed to him at his correct address, notifying him that the case would be tried again on April 26, 1974. Neither the respondent nor his attorney appeared at the appointed time and place. The magistrate then conducted a trial *in absentia*, found the respondent guilty, imposed a fine of $100 and applied the bond previously posted to the payment of the fine.

The South Carolina Highway Department was notified of the conviction and, as required by law, notified the respondent, by order dated May 16, 1974, that his driver's license had been suspended. No appeal from the conviction was taken.

The agreed statement of facts, which is binding upon the parties, includes a sentence as follows: "On July 25, 1974, upon affidavit of the Petitioner-Respondent's attorney dated July 25, 1974, *without notice to the State or a hearing being held in the matter,* Magistrate McLeod issued his order granting a new trial in the matter upon the ground that neither the Petitioner-Respondent nor his attorney was notified of the time and date of the trial held on April 26, 1974." (Empasis added.)

The record does not clearly indicate the date upon which the Highway Department's order of May 16, 1974, was received by the respondent, nor does it clearly indicate the date upon which the oral motion for a new trial was made.

The affidavit upon which the motion was granted is dated July 25, 1974.

Armed with the magistrate's new-trial order, respondent's counsel petitioned Judge W. T. McGowan, Jr., of the Civil and Criminal Court of Florence County, in a new action, to enjoin the Highway Department from further suspending the respondent's license until the case could be tried again in the magistrate's court.

On August 1, 1974, Judge McGowan issued his order holding that the magistrate's order was valid on its face, and granting the relief under the authority of *Brewer v. South Carolina State Highway Dept.*, 261 S. C. 52, 198 S. E. (2d) 256 (1973).

The Highway Department has appealed, submitting that Judge McGowan erred in giving legal effect to the magistrate's new-trial order and in lifting the driver's license suspension.

As indicated hereinabove, it has been agreed that the order of the magistrate was procured without notice to the State. We held in State v. Best, 257 S. C. 361, 186 S. E. (2d) 272 (1972), that an order which involved the State was granted improvidently because it was without notice and could be set aside on that ground alone. The respondent is in the uncomfortable position of defending Judge McGowan's order, which admittedly was based upon the magistrate's order improvidently granted.

In *Brewer, supra,* a trial was held in magistrate's court without notice to the accused. He moved for a new trial within five days after he was notified that the trial had been held. We ruled that the time for moving for a new trial (five days under Code § 43-143) did not commence to run under those circumstances until the defendant had received actual notice. If in truth the respondent did not receive notice that the trial was to be held on April 26, 1974, he would be entitled to move for a new trial within five days after he

received notice of the conviction. As stated above, the record is not clear as to when the oral motion for a new trial was made before Magistrate McLeod, but if the motion were made timely and if he did not receive notice of the trial, the magistrate's order would be justified, and Judge McGowan's order would be appropriate. We are not impressed with the proof submitted to the magistrate. The proof consisted of counsel's conclusions, reduced to an affidavit wherein he stated that "there was apparently some misunderstanding or confusion as to Defendant's correct address; . . ." If there is any justification for the failure of the respondent himself to aver to facts explaining why a letter correctly addressed did not reach him, such does not appear in the record. However, under the circumstances we think that the respondent should not be denied the right to fortify his motion for a new trial before the magistrate.

We think that the proper disposition of this matter is to remand the case to Judge McGowan for the purpose of vacating his order until such time as the magistrate can, after notice to both the respondent and the State, determine, first, whether notice of the trial was received by the respondent, second, the date upon which the respondent received notice of his suspension, third, the date upon which the oral motion for a new trial was made and whether timely, and fourth, if the motion were made timely, whether a new trial should be granted. At the hearing the respondent and the State should be permitted to submit such evidence as thought appropriate. If a new trial is granted after a hearing is held, respondent may renew the application to Judge McGowan for an injunction.

The exception, which challenges the correctness of the order of Judge McGowan in directing Captain Cecil Dilworth to personally lift the license suspension, is well taken. Since the Highway Department is

bound by the order of this Court, he is an unnecessary party to this litigation.

Remanded.

Moss, C. J., and LEWIS and NESS, JJ., concur.

BUSSEY, J., concurs in result.