517 S.E.2d 214

**In the Matter of Lexington County Magistrate
Shirley M. SONS, Respondent.**

**No. 24946.**

Supreme Court of South Carolina.

Submitted May 11, 1999.

Decided June 1, 1999

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for Office of Disciplinary Counsel.

The Honorable Shirley M. Sons, of Lexington, respondent pro se.

PER CURIAM:

In this judicial disciplinary matter, respondent, a Magistrate in the Central Traffic Court for Lexington County, and disciplinary counsel have entered into an agreement under Rule 21, RJDE, Rule 502, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement.

Respondent's misconduct stems from the following facts. Rebecca Ann Martin was charged with driving under the influence (DUI), first offense, after she was involved in an automobile accident. Lance Corporal L.D. Sells of the Highway Patrol issued a uniform traffic ticket and told Martin to appear in Central Traffic Court on August 26, 1997.

After discovering the extent of the injuries to Martin's passenger, Sells retrieved the copies of the original ticket and wrote a new ticket charging Martin with felony DUI. Sells met with Martin, her parents, and her attorney and told Martin not to appear in court on August 26, 1997.

Court was held on August 26, 1997. Respondent was absent on leave and thus did not preside. Instead, Judge Whittle was the presiding judge; however, Judge Whittle was not present. Court Assistant Christine Tindall processed the tickets that day.

During the court session, Tindall filled out paperwork connected with the original ticket, indicating that Martin did not appear and that, after a trial by the judge, a verdict of guilty was entered, a fine of $425 was imposed, and a bench warrant was issued for Martin's arrest. At that point, Sells, who was in court to prosecute tickets he had written in other matters, intervened and prevented Tindall from signing respondent's name to the ticket. Sells told Tindall that the original ticket had been withdrawn.

Sells then sent all the copies of Martin's original ticket to the Department of Public Safety (DPS) to be voided. The Driver Records copy of the ticket was separated from the rest of the copies and was returned to Lexington's Central Traffic Court because it was not signed by the presiding judge. Tindall signed respondent's name and returned the ticket to the DPS. Respondent was not present when Tindall signed the

ticket, and Tindall was not under respondent's personal supervision when she signed the ticket. In addition, the ticket Tindall signed contained numerous inaccuracies, including a statement that the case was brought before a magistrate.

As a result of Tindall's actions, a DUI conviction was entered with the DPS, and Martin's license was suspended for six months. In response, Sells' District Commander directed Sells' immediate supervisor, Sergeant Hicks, to obtain an *Ishmell*[1] order to reopen the case against Martin. Hicks went to Central Traffic Court on June 2, 1998, and, at Hicks' request, Court Assistant Tammy Metts completed the *Ishmell* order and signed respondent's name to that order. The *Ishmell* order contained factual inaccuracies, including that Martin's ticket had been disposed of on August 26, 1997 and that the request to reopen had been made on September 5, 1997. Respondent was not present in the room nor did she have direct supervisory control over Metts when Metts completed the *Ishmell* order. No notice was given to Martin or her attorney regarding the *Ishmell* order. In response to the *Ishmell* order, the DPS vacated Martin's DUI conviction.

Martin's attorney appealed the vacation of the original ticket, and respondent filed with the circuit court a return captioned "Answer to an Appeal." By filing an "Answer to an Appeal" rather than a "Return," respondent indicated a bias in favor of the DPS and the prosecuting authority. The circuit court later issued an order reinstating the DUI conviction as processed by the DPS.

A complaint was filed with the Commission on Judicial Conduct concerning respondent. At a hearing, respondent presented a number of *Ishmell* orders to establish that it was standard practice for Court Assistants to complete these orders, including the signing of the judge's name.

By her conduct, respondent violated Rule 7(a), RJE, Rule 502, SCACR (misconduct for judge to violate of the Code of Judicial Conduct and to wilfully violate a valid Supreme Court

---

1. *Ishmell v. South Carolina Highway Department,* 264 S.C. 340, 215 S.E.2d 201 (1975) (holding that the five day time limit for making a new trial motion does not begin to run until defendant receives actual notice of conviction).

order).[2]  Respondent's conduct violated the Code of Judicial Conduct as contained in Rule 501, SCACR, specifically Canon 1(A) (failure to establish, maintain, and enforce high standards of conduct);  Canon 2(A) (failure to respect and comply with the law and act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary);  Canon 2 (failure to avoid impropriety and the appearance of impropriety);  Canon 3 (failure to perform the judicial duties with impartiality and diligence);  Canon 3(B)(1) (judge shall hear and decide matters assigned to the judge);  Canon 3(B)(2) (judge shall be faithful to the law and maintain professional competence in it;  judge shall not be swayed by partisan interests, public clamor, or fear of criticism);  Canon 3(B)(5) (judge shall perform judicial duties without bias or prejudice); and Canon 3(B)(7) (judge shall accord to every person who has a legal interest in a proceeding, or that person's lawyer, the right to be heard according to the law;  subject to limited exceptions, judge shall not initiate, permit, or consider *ex parte* communications).

Respondent has now changed the procedures in her office to ensure her office complies with the applicable ethical rules and that these problems will not occur again.  We find respondent's misconduct warrants a public reprimand.  Accordingly, respondent is hereby publicly reprimanded for her misconduct.

PUBLIC REPRIMAND.

---

**2.** *See* S.C.Sup.Ct. Order dated March 1, 1989 (judges should personally sign all orders);  S.C.Sup.Ct. Order dated July 10, 1986 (by signing a uniform traffic ticket, magistrates certify the accuracy of the disposition;  a person designated by the judge may affix the judge's signature to the certificate, "provided that the person is under direct supervision and control by the judge" and that the signature is affixed in the judge's presence).