534 S.E.2d 292

**The STATE of South Carolina, Appellant,**

v.

**Rebecca Ann MARTIN, Respondent.**

**No. 3197.**

Court of Appeals of South Carolina.

Heard April 12, 2000.

Decided June 19, 2000.

Rehearing Denied Sept. 2, 2000.

---

Senior Assistant General Counsel, William L. Todd and General Counsel Frank L. Valenta, Jr., both of S.C. Department of Public Safety, of Columbia, for appellant.

Robert E. Newton, of Breibart, McCauley & Newton, of Lexington, for respondent.

STILWELL, Judge:

The circuit court vacated a magistrate's order which reopened Rebecca Ann Martin's purported conviction for driving under the influence (DUI). The State appeals. We affirm in part and vacate in part.

## BACKGROUND

On August 4, 1997, Martin was involved in a single-car accident. Officer Lloyd Sells of the South Carolina Highway

Patrol issued Martin a uniform traffic ticket for DUI, first offense, and told Martin to appear in Lexington County Traffic Court [1] on August 26, 1997. A few days later and upon further investigation, Sells discovered Martin's passenger had been rendered a quadriplegic as a result of the accident. In a meeting with Martin, her attorney, and her parents, Sells informed Martin of his decision to upgrade the charge. Sells retrieved Martin's copy of the DUI ticket, wrote Martin a new ticket for felony DUI, told her not to appear in traffic court on August 26, and informed her that the solicitor's office would contact her for a new trial date in general sessions court. Thereafter, Sells retrieved the copy of the original ticket which had been sent to the traffic court. At this point, Sells had in his possession all five copies of the original DUI ticket.

On the scheduled trial date of August 26, Lexington County Magistrate Shirley M. Sons was absent on leave. Christine Tindall, a court assistant, processed tickets that day. Tindall filled out the paperwork for Martin's original DUI ticket which remained in Sells's ticket book, indicating (1) Martin was found guilty after a bench trial in her absence, (2) a $425 fine was imposed, and (3) a bench warrant was issued for Martin's arrest. However, neither Magistrate Sons nor any other judge ever held a trial regarding this ticket. Sells, who happened to be in court on other matters, realized the error and stopped Tindall from signing the magistrate's name to the ticket, informing her the original ticket had been withdrawn.

Sells thereafter forwarded all five copies of the ticket along with a voided summons form to the Department of Public Safety (DPS) where an officer wrote "void" on the back of the agency copy. An administrative assistant filling in for the employee who customarily processed voided tickets processed the DUI ticket, but failed to stamp "void" on the copies forwarded to Driver Records.

---

1.  Section 56–7–10 of the S.C.Code provides: "The service of the uniform traffic ticket shall vest all traffic, recorders', and magistrates' courts with jurisdiction to hear and to dispose of the charge for which the ticket was issued and served." S.C.Code Ann. § 56–7–10 (Supp. 1999); *see also State v. Biehl,* 271 S.C. 201, 246 S.E.2d 859 (1978) (holding the issuance of a uniform traffic ticket vests jurisdiction in the traffic court).

An employee of Driver Records, noting the ticket contained dispositional information but no signature from the presiding judge, returned the ticket to the traffic court. Tindall then signed the ticket and returned it to DPS. Magistrate Sons was not present when the ticket was signed, nor was it signed under her personal supervision. Thereafter, Martin's DUI conviction was entered, and her license was suspended effective December 22, 1997. Driver Records sent a notice of the suspension to Martin in December 1997, showing a conviction date of August 26, 1997. When Martin's attorney appeared on December 16, 1997 to pay the $425 fine, a court employee issued a receipt for payment even though she could not locate the ticket in the computer system.

On June 2, 1998, Sells's supervisor, Officer Scott Hicks, obtained an *Ishmell*[2] order, ostensibly signed by Magistrate Sons, to reopen the case against Martin. Tammy Metts, a court employee handling the *Ishmell* orders, signed Magistrate Sons's name to the order; however, Magistrate Sons was not present nor did she have direct supervisory control over Metts when the order was signed. Furthermore, the order was issued without notice to Martin. The order explained: "[T]his ticket was signed off on in error. It should be a felony DUI. Please remove from Ms. Martin's license until the trial is disposed of in General Sessions."

In response to the June 2, 1998 order, DPS removed the purported DUI conviction from its records. Martin then received a letter from the Division of Motor Vehicles telling her to disregard the prior suspension notice as the summons was signed off in error. Martin appealed the magistrate's June 2nd order and asked that the conviction of August 26, 1997 be confirmed. The circuit court ruled that the June 2nd order reopening the conviction should be vacated because the State's motion was untimely and made without notice to Martin. The court then purported to reinstate the alleged DUI conviction. The State appeals.

---

**2.** *Ishmell v. South Carolina Highway Dep't,* 264 S.C. 340, 215 S.E.2d 201 (1975) (ruling that the time limit for making a new trial motion begins to run when the defendant receives actual notice of the conviction and remanding the case to determine the timeliness of the motion and its merits after both parties receive notice).

### DISCUSSION

The State argues the circuit court erred in finding Martin was ever convicted of DUI by Magistrate Sons [3] on August 26, 1997. We agree.

In her return in the circuit court appeal, Magistrate Sons described the circumstances surrounding the alleged DUI conviction of August 26, 1997. Magistrate Sons stated, "We [the magistrate's office] never had this ticket in this office." She explained that when Hicks sought to reopen the case, her employee, Metts, signed her (Magistrate Sons's) name to the order of June 2, 1998 because "[t]his is the procedure that has been done in this office for many years. This is what she has been taught." Magistrate Sons conceded in her return that Metts filled out the form stating a motion was made on September 5, 1997 because "Metts was told when she started doing this particular job, that the date on that form had to be within 10 days of the trial date. That is why she put that date on the order." Finally, Magistrate Sons conceded:

> [Martin] did not receive any notice of the re-opening because it was not handled properly. *This office does not have any reason to re-open because we never had the ticket.* The Ishmell order should not have been sent in to the Highway Dept. It was a clerical error. She [Metts] took the word of Officer Hicks. She did not ask me.

(Emphasis added.)

Sells, with Martin's parents and attorney present, retrieved Martin's original DUI ticket and issued her a new ticket for felony DUI. The officer instructed Martin that she need not appear in traffic court on the scheduled trial date of August

---

**3.** Magistrate Sons has been publicly reprimanded by the supreme court for her failure to properly supervise office staff in this matter. *See In re Sons*, 335 S.C. 343, 517 S.E.2d 214 (1999). In *Sons*, our supreme court reiterated that a designee may sign a uniform traffic ticket but only if the designee is under the " 'direct supervision and control by the judge' and that the signature is affixed in the judge's presence." *Id.* at 346 n. 2, 517 S.E.2d at 215 n. 2. The reason for requiring judges to personally sign or supervise the signing of orders is readily apparent from the series of errors committed in this case by court staff; these errors were then compounded by the additional mistakes made by DPS.

26, 1997 because the original DUI ticket was void. Magistrate Sons admitted her office never held a valid ticket charging Martin with DUI. Moreover, it is undisputed that no magistrate heard Martin's case and no trial was ever held in her absence. As noted by our supreme court, the ticket signed by the court employee "contained numerous inaccuracies, *including a statement that the case was brought before a magistrate*." *In re Sons*, 335 S.C. 343, 345, 517 S.E.2d 214, 215 (emphasis added). The supreme court further found "[t]he *Ishmell* order contained factual inaccuracies, *including that Martin's ticket had been disposed of on August 26, 1997* and that the request to reopen had been made on September 5, 1997." *Id.* (emphasis added).

We thus conclude Martin could not have been convicted of DUI as no magistrate held a duly-constituted trial on August 26, 1997 or at any other time concerning her traffic violation. Rather, a series of administrative errors occurred that resulted in a court employee incorrectly noting that Martin, in her absence, had been convicted of DUI at a bench trial. We affirm the circuit court's decision to vacate the June 2, 1998 *Ishmell* order, but vacate the portion of the order which required the reinstatement of Martin's DUI conviction.

Because we have determined that no valid conviction occurred, we need not consider the State's remaining arguments. *See, e.g., Futch v. McAllister Towing of Georgetown, Inc.,* 335 S.C. 598, 518 S.E.2d 591 (1999) (noting that an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive); *Whiteside v. Cherokee County Sch. Dist. No. One,* 311 S.C. 335, 428 S.E.2d 886 (1993) (noting appellate court need not address remaining issues when determination of prior issue is dispositive).

**AFFIRMED IN PART AND VACATED IN PART.**

HEARN, C.J., and MOREHEAD, Acting Judge, concur.