572 S.E.2d 287

**The STATE, Respondent,**

v.

**Rebecca MARTIN, Petitioner.**

**No. 25543.**

Supreme Court of South Carolina.

Heard Sept. 17, 2002.

Decided Oct. 28, 2002.

Robert E. Newton, of Breibart, McCauley & Newton, P.A., of Lexington, for Petitioner.

Senior Assistant General Counsel, South Carolina Department of Public Safety, Frank L. Valenta, Jr., and General

Counsel and Deputy Director for Policy, Eugene H. Matthews, of Columbia, for Respondent.

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS.

Justice WALLER:

We granted a writ of certiorari to review the Court of Appeals' opinion in *State v. Martin*, 341 S.C. 480, 534 S.E.2d 292 (Ct.App.2000). We reverse.

Through a series of administrative errors, Martin was notified in December 1997, that she had been "convicted," *in absentia*, of driving under the influence (DUI) first on August 26, 1997. A bench warrant was issued for her arrest, she was fined $425.00, and her license was suspended for nearly six months. Nearly six months later, in June 1998, the state sought and obtained an *Ishmell*[1] order reopening the case on the ground that the traffic ticket had been "signed off" in error.[2] The circuit court ruled that the state's efforts to set aside the ticket were both untimely and improperly handled.[3] Accordingly, the *Ishmell* order was vacated and the DUI first ticket was reinstated.

The Court of Appeals affirmed the decision to vacate *Ishmell* order, but vacated the portion of the circuit court's order which required reinstatement of Martin's DUI "conviction." We reverse the Court of Appeals' ruling and reinstate the circuit court's order.

The state took no action between December 1997 and June 1998 to rectify the situation or to notify Martin that her "conviction" had been erroneously entered. Rather, it issued a bench warrant for her arrest, suspended her driver's license,

---

1. *Ishmell v. South Carolina Highway Dep't*, 264 S.C. 340, 215 S.E.2d 201 (1975) (ruling that the time limit for making a new trial motion begins to run when the defendant receives actual notice of the conviction and remanding the case to determine the timeliness of the motion and its merits after both parties receive notice).

2. The state's purpose in moving to set aside the DUI first "conviction" was to enable it to charge Martin with felony DUI.

3. It is undisputed that Martin's attorney notified the state of the August 1997 disposition of the ticket shortly after Martin received notice thereof in December 1997.

allowed her to pay a $425.00 fine, and required her to enroll in ADSAP classes and purchase SR–22 insurance in order to obtain a provisional driver's license. Its failure to take any remedial action to remedy this situation in a timely manner therefore precluded its ability to challenge the entry of a conviction on the DUI first ticket. *See* Rule 29, SCRCrimP(in cases involving appeals from convictions in magistrate's court, post trial motions must be made within ten (10) days after receipt of written notice of entry of the order or judgment disposing of the appeal). The state does not dispute that its motion to set aside the original conviction was untimely. As we noted in *Brewer v. South Carolina State Highway Dep't*, 261 S.C. 52, 56, 198 S.E.2d 256, 257 (1973), "a party's time to appeal from a judgment in a magistrate's court or move for a new trial therein . . . begin[s] [when] he has notice of the judgment." Accordingly, as the state concedes it had actual notice of the entry of Martin's "conviction" in December 1997, and failed to timely appeal or take any other action to correct the matter, it was procedurally barred from contesting the validity of that "conviction." [4] The Court of Appeals erred in concluding otherwise.

**VACATED AND REVERSED.**

TOAL, C.J., MOORE, BURNETT and PLEICONES, JJ., concur.

</div>

---

**4.** In light of our ruling, we need not address whether the erroneous entry of judgment in fact constituted a valid "conviction."