634 S.E.2d 59

**TOWN OF HILTON HEAD ISLAND, Appellant,**

v.

**Montgomery GODWIN, Respondent.**

**No. 4131.**

Court of Appeals of South Carolina.

Submitted June 1, 2006.

Decided July 3, 2006.

Rehearing Denied Aug. 25, 2006.

222

Marshall H. Waldron, Jr., of Bluffton, for Appellant.

Montgomery Godwin, pro se, of Bluffton, for Respondent.

HEARN, C.J.

In this action, the Town of Hilton Head Island (the Town) appeals the order of the circuit court denying its motion to dismiss and granting a new trial in favor of Montgomery Godwin. We vacate.[1]

## FACTS

In July 1995, Godwin received a citation charging him with criminal domestic violence. The uniform traffic ticket set a trial date for August 8, 1995. When Godwin failed to appear, the Hilton Head Island municipal court found him guilty, in absentia; assessed a $304 fine; and issued a bench warrant for his arrest.[2] Godwin neither appealed the conviction nor took any other action to set aside the conviction. On September 29, 1995, police arrested Godwin in connection with three outstanding arrest warrants, including the warrant issued following his CDV conviction. That same day, Godwin, or someone on his behalf, paid the $304 fine in connection with the CDV conviction to obtain his release from custody. Again, Godwin took no action related to the conviction.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

2. Godwin agreed that the municipal court found him guilty, in absentia, but he denied receiving notice until August 11, 2003.

On August 11, 2003, Godwin applied for a gun permit pursuant to an employment opportunity. A subsequent SLED investigation revealed the 1995 CDV conviction on his record. Then, on March 26, 2004, approximately eight years after the CDV conviction, Godwin sent a letter to the Hilton Head Island Municipal Court, which the court treated as a motion to set aside the conviction and/or a motion for a new trial. At the hearing before municipal court Judge James Herring, Godwin claimed the first notice he received of the CDV conviction was on August 11, 2003, and that the Town committed several procedural and clerical errors relating to his conviction for CDV that warranted his conviction be set aside or a new trial granted. The Town argued the municipal court lacked the jurisdiction to entertain Godwin's motion because the motion was untimely. The municipal court agreed and denied the motion, finding Godwin's actions were untimely.

Godwin appealed the municipal court's order to the circuit court. The Town filed a motion to dismiss, arguing the circuit court and the municipal court lacked jurisdiction to hear Godwin's motion. At the motion hearing, Godwin again argued he did not receive notice of his 1995 CDV conviction until August 11, 2003, and that he discovered many procedural and clerical errors that warranted his conviction be set aside or a new trial granted. The circuit court agreed with Godwin, denied the motion to dismiss, and granted a new trial based on "substantial justice." The Town's motion to reconsider was denied, and this appeal followed.

## STANDARD OF REVIEW

The appellate court must always take notice of the lack of subject matter jurisdiction. *Amisub of S.C., Inc. v. Passmore,* 316 S.C. 112, 114, 447 S.E.2d 207, 208 (1994). The lack of subject matter jurisdiction can be raised at any time, can be raised for the first time on appeal, and can be raised sua sponte by the court. *See, e.g., Lake v. Reeder Constr. Co.,* 330 S.C. 242, 248, 498 S.E.2d 650, 653 (Ct.App.1998) (holding issues related to subject matter jurisdiction may be raised at any time). "The acts of a court with respect to a matter as to which it has no jurisdiction are void." *State v. Guthrie,* 352 S.C. 103, 107, 572 S.E.2d 309, 311–12 (Ct.App.2002).

## LAW/ANALYSIS

The Town argues the circuit court erred in denying its motion to dismiss and in granting Godwin's motion for a new trial. Specifically, the Town argues the circuit court lacked the jurisdiction necessary to entertain Godwin's motion. We agree.

■ Rule 29(a) of the South Carolina Rules of Criminal Procedure governs post trial motions from a conviction in magistrate's court and states, in part:

In cases involving appeals from convictions in magistrate's or municipal court, post trial motions shall be made within ten (10) days after receipt of written notice of entry of the order or judgment disposing of the appeal.

Furthermore, the supreme court has noted that "a party's time to appeal from a judgment in a magistrate's court or move for a new trial therein ... begin[s] [when] he has notice of the judgment." *State v. Martin*, 352 S.C. 32, 33, 572 S.E.2d 287, 288 (2002) (citing *Brewer v. South Carolina State Highway Dep't*, 261 S.C. 52, 56, 198 S.E.2d 256, 257 (1973)). A party who fails to timely appeal or take any other timely action necessary to correct an error is procedurally barred from contesting the validity of the conviction. *Martin*, 352 S.C. at 33, 572 S.E.2d at 288.

*Martin* is analogous to the present case. Because of a series of administrative errors, Martin was notified in December 1997, that she had been convicted, in absentia, of driving under the influence on August 26, 1997. *Martin*, 352 S.C. at 33, 572 S.E.2d at 287. A bench warrant was issued for Martin's arrest, and she paid the fine assessed by the municipal court. *Id.* Shortly thereafter, Martin notified the State, via her attorney, of the disposition of the ticket. *Id.* at 33, 572 S.E.2d at 288. The State took no action at that time. Nearly six months later, in June 1998, the State sought to reopen the case on the ground that the traffic ticket had been "signed off" in error. *Id.* The circuit court ruled the State's efforts to set aside the conviction were untimely. *Id.* The supreme court agreed, finding the state took no action between December 1997 and June 1998 to rectify the situation or to notify Martin that her conviction had been erroneously entered. The court, relying on Rule 29, SCRCrimP, held the State's "failure to

take any remedial action to remedy this situation in a timely manner therefore precluded its ability to challenge the entry of a conviction on the DUI first ticket." *Id.* at 34, 572 S.E.2d at 288.

■ In this matter, Godwin had notice of his 1995 CDV conviction no later than September 29, 1995, when he was arrested under the bench warrant and his release was secured by payment of the fine imposed by the municipal court after the 1995 conviction. Under Rule 29, SCRCrimP, Godwin had until October 9, 1995 to file any post trial motions or his notice of appeal. Godwin failed to take any remedial actions at that time. His motion to set aside the 1995 conviction came in March 2004, approximately eight years after he received notice of the conviction. Similar to the State's inaction in *Martin,* Godwin's inaction precludes his ability to challenge the 1995 conviction. Therefore, the municipal court correctly held Godwin's challenge to his conviction was untimely, and the circuit court erred in failing to grant the Town's motion to dismiss for lack of jurisdiction.

Assuming, arguendo, notice was not received until August 11, 2003, the date Godwin admitted he received notice of the 1995 conviction, his motion would still be untimely. Godwin took no action from August 11, 2003 until his letter to the municipal court on March 26, 2004, some seven months from the date he claimed he received notice of the conviction. Accordingly, as Godwin concedes he had actual notice of the 1995 conviction on August 11, 2003, and he failed to timely appeal or take any other action to correct the matter, he is now procedurally barred from contesting the validity of the 1995 conviction.

## CONCLUSION

Based on the foregoing, the order of the circuit court is hereby

**VACATED.**

GOOLSBY and ANDERSON, JJ., concur.