THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Appellant,
 
 
 

v.

 
 
 
 Ryan Brooks, Respondent.
 
 
 

Appeal From Richland County
 Reginald I. Lloyd, Circuit Court Judge

Unpublished Opinion No.  2007-UP-006
Submitted January 1, 2007  Filed January 11, 2007

AFFIRMED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General Harold M. Coombs; and Solicitor Warren Blair Giese, all of Columbia, for Appellant.
 Joshua  Kendrick, of Columbia, for Respondent.
 
 
 

PER CURIAM:  The State appeals the circuit courts order allowing Ryan Brooks to withdraw his guilty plea.  We affirm.[1] 
FACTS
On February 11, 2005, Brooks pled guilty to voluntary manslaughter.  The circuit court imposed the maximum sentence of thirty years imprisonment.  Brooks timely moved the circuit court to reconsider the sentence.  More than ten days after the imposition of the sentence, the motion to reconsider the sentence was heard.  Brooks requested a reduction in sentence or alternatively to withdraw his guilty plea.  On October 17, 2005, the circuit court denied Brooks motion to reduce his sentence, but granted his motion to withdraw his guilty plea.  The State did not object to the courts consideration of Brooks motion to withdraw his guilty plea.  The State appeals. 
LAW/ANALYSIS
On appeal, because the motion to reconsider Brooks sentence did not expressly include a request to withdraw the guilty plea, the State argues the circuit court lacked subject matter jurisdiction to hear Brooks motion to withdraw his guilty plea.  We disagree. 
Rule 29 of the South Carolina Rules of Criminal Procedure provides: Except for motions for new trials based on after-discovered evidence, post trial motions shall be made within ten (10) days after the imposition of the sentence.  While it is true that the circuit court loses jurisdiction over the case if no post trial motion is made within ten days after the imposition of the sentence, Town of Hilton Head Island v. Godwin, 370 S.C. 221, 225, 634 S.E.2d 59, 61 (Ct. App. 2006), the circuit court retains jurisdiction over the case if a post trial motion is made within ten days after the imposition of the sentence.  When a post trial motion is timely made, the circuit court maintains subject matter jurisdiction over the case.  Pierce v. State, 338 S.C. 139, 150, 526 S.E.2d 222, 227 (2000) (Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong.); State v. Crocker, 366 S.C. 394, 401-02, 621 S.E.2d 890, 894 (Ct. App. 2005) (The circuit court has original jurisdiction in all criminal matters except those where an inferior court is given exclusive jurisdiction.) (citing State v. Dudley, 364 S.C. 578, 582, 614 S.E.2d 623, 625 (2005)).
Here, Brooks timely filed his motion to reconsider the sentence and, as result, the circuit court retained jurisdiction over the case.  Assuming the withdrawal of the guilty plea was not encompassed in the general motion to reconsider the sentence, the State did not object in the circuit court to consideration of the request to withdraw the guilty plea.  We do not view the circuit courts consideration of the motion to withdraw the guilty plea as a matter of subject matter jurisdiction.  Because a motion to reconsider the sentence was timely filed, the circuit court had jurisdiction to consider the request to withdraw the guilty plea.
A motion to withdraw a guilty plea is committed to the sound discretion of the trial judge.  State v. Lambert, 266 S.C. 574, 580, 225 S.E.2d 340, 342-43 (1976).  There is no assignment of error in this regard. 
AFFIRMED. 
HEARN, C.J., KITTREDGE and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.