675 S.E.2d 756

## SOUTH CAROLINA DEPARTMENT OF MOTOR VEHICLES, Appellant,

v.

## Josef Scott HOLTZCLAW, Respondent.

### No. 4505.

Court of Appeals of South Carolina.

Heard Dec. 11, 2008.

Decided Feb. 19, 2009.

Rehearing Denied May 4, 2009.

---

Frank L. Valenta, Jr., of Blythewood, for Appellant.

Steve Wayne Sumner, of Greenville, for Respondent.

HEARN, C.J.

Department of Motor Vehicles (DMV) appeals the Administrative Law Court's (ALC) dismissal of its appeal from the South Carolina Division of Motor Vehicle Hearings (DMVH). DMV contends the ALC erred in upholding the DMVH Hearing Officer's order rescinding Joseph Holtzclaw's suspended driver's license and designation as a Habitual Offender. We affirm.

## FACTS

Holtzclaw was convicted of three separate traffic violations [1] for driving an automobile under a suspended license. Pursuant to sections 56–1–1020 and 56–1–1090 of the South Carolina Code (2006 & Supp.2008), DMV sent Holtzclaw an official notice that, because he had accumulated three violations within a three year period, Holtzclaw had been declared a Habitual Offender, and his driver's license was suspended for five years. DMV also advised Holtzclaw that, pursuant to section 56–1–1030 of the South Carolina Code (Supp.2007), he had the right to a hearing to present cause why he should not be declared a Habitual Offender. Two days before Holtzclaw's suspension was due to begin, he sent notice to the DMVH requesting a hearing. On the following day, Holtzclaw made a motion in municipal court to have the most recent conviction reopened in order to have a new hearing.[2] The municipal court granted Holtzclaw's motion to reopen the conviction on Ticket 32881DE on the ground that Holtzclaw "was uninformed of the ramifications of entering a plea without consultation with his attorney." The prosecuting attorney, who was present at Holtzclaw's motion, consented to the reopening, as indicated by the signature on the order. The order also indicated it was issued pursuant to *Ishmell v. South*

---

1. Holtzclaw was convicted for Ticket 56318DN on November 9, 2005; Ticket 57397DN on February 22, 2006; and Ticket 32881DE on March 16, 2006.

2. Holtzclaw had previously appeared and pled guilty to Ticket 32881DE.

*Carolina Highway Department*, 264 S.C. 340, 215 S.E.2d 201 (1975).

Upon receipt of the municipal court's order to reopen the last ticket, the DMV replied directly to the judge in a letter, stating: "The Department is in receipt of the attached order(s), however, we are unable to process the order due to the following: ... The request to re-open the case does not appear to be timely." The municipal court did not respond to the DMV's communication.

Thereafter, the DMVH held a hearing pursuant to Holtzclaw's request. Holtzclaw testified in support of his motion, and also introduced the municipal court's order reopening his final conviction. Ultimately, the DMVH Hearing Officer rescinded Holtzclaw's driving suspension and found his driving record did not support the requirements for a Habitual Offender because the requisite third conviction for driving on a suspended license was nullified when the municipal court reopened Holtzclaw's final ticket. DMV appealed the Hearing Officer's order to the ALC, which dismissed the appeal. DMV now appeals this determination.

## STANDARD OF REVIEW

The DMVH is authorized to hear contested cases arising from the DMV. S.C.Code Ann. § 1–23–660 (Supp. 2008). Therefore, the DMVH is an agency under the Administrative Procedures Act. S.C.Code. Ann. § 1–23–310 (Supp. 2008). Appeals from Hearing Officers must be taken to the ALC. § 1–23–660. Section 1–23–610 of the South Carolina Code (Supp.2008) sets forth the standard of review when the court of appeals is sitting in review of a decision by the ALC on an appeal from an administrative agency. "The review of the administrative law judge's order must be confined to the record." S.C.Code Ann. § 1–23–610(C). The court of appeals may reverse or modify the decision only if substantive rights of the appellant have been prejudiced because the decision is clearly erroneous in light of the reliable and substantial evidence on the whole record, arbitrary or otherwise characterized by an abuse of discretion, or affected by other error of law. *Id.*

## LAW/ANALYSIS

■ DMV asserts the ALC erred in upholding the Hearing Officer's order rescinding Holtzclaw's suspended driver's license. DMV maintains that under section 22–3–1000 of the South Carolina Code (2007), the municipal court lacked jurisdiction to hear a motion to reopen Holtzclaw's third conviction. We agree; nevertheless, we affirm the ALC's dismissal of DMV's appeal.

Sections 56–1–1020 and 56–1–1090 of the South Carolina Code (2006 & Supp.2008), provide a person will be deemed a Habitual Offender if he or she is convicted of the requisite number of offenses during a three year period, and will lose driving privileges for five years from the date of that determination:

An [sic] habitual offender shall mean any person whose record as maintained by the Department of Motor Vehicles show that he has accumulated the convictions for separate and distinct offenses described in subsections (a), (b) and (c) committed during a three-year period . . . :

(a) Three or more convictions, singularly or in combination of any of the following separate and distinct offenses arising out of separate acts:

. . .

(4) Driving a motor vehicle while his license, permit, or privilege to drive a motor vehicle has been suspended or revoked. . . .

§ 56–1–1020.

As described above, Holtzclaw was convicted of three violations of driving on a suspended license within a five month period. Consequently, the DMV was correct to send Holtzclaw an official notice of his impending declaration as a Habitual Offender. In addition, Holtzclaw was within his rights to request a contested hearing before the DMVH regarding that status determination made by the DMV. *See* S.C.Code Ann. § 56–1–1030 (Supp.2008).

However, the record reveals Holtzclaw appeared and pled guilty in municipal court to the third driving violation on March 16, 2006. Magistrates generally have jurisdiction over traffic offenses that are subject to the penalties of either fine

or forfeiture not exceeding $500 or imprisonment not exceeding thirty days. *See* S.C.Code Ann. § 22–3–550 (2008). Similarly, a municipal court presumptively has jurisdiction over traffic offenses and criminal cases to the same extent as that conferred on magistrates. *See* S.C.Code Ann. § 14–25–45 (Supp.2008). Moreover, under section 22–3–1000 of the South Carolina Code (2007), a motion for a new trial from a case heard by a magistrate may not be heard unless made within five days from the rendering of the judgment.

As established in section 14–25–45, the municipal court in this case clearly had subject matter jurisdiction to hear a general motion to reopen a conviction of a driving violation. "Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong." *Great Games, Inc. v. S.C. Dep't of Revenue*, 339 S.C. 79, 83 n. 5, 529 S.E.2d 6, 8 n. 5 (2000) (citations omitted); *see also State v. Gentry*, 363 S.C. 93, 610 S.E.2d 494 (2005).

The municipal court's order to reopen reflects Holtzclaw made his motion on May 2, 2006, outside of the five days allowed under section 22–3–1000. By virtue of that statute, DMV contends the city judge had lost authority to consider Holtzclaw's motion for a new trial; therefore, the order reopening the case is void. "A void judgment is one that, from its inception, is a complete nullity and is without legal effect and must be distinguished from one which is merely 'voidable.'" *Thomas & Howard Co., Inc. v. T.W. Graham & Co.*, 318 S.C. 286, 291, 457 S.E.2d 340, 343 (1995) (citation omitted).

The situation here is analogous to the issue before the supreme court in *State v. Campbell*, 376 S.C. 212, 656 S.E.2d 371 (2008). In *Campbell*, a defendant pled guilty to several charges; however, the defendant later refused to testify at his co-defendant's trial, pursuant to his plea agreement. *Id.* at 214–15, 656 S.E.2d at 372. The State moved to vacate the defendant's sentence, but did not do so within ten days of defendant's sentencing, or the completion of his co-defendant's trial. *Id.* The plea judge allowed the motion, and re-sentenced the defendant. *Id.* at 215, 656 S.E.2d at 373. On appeal, the defendant/appellant maintained the plea judge lacked subject

matter jurisdiction to hear the State's motion outside of the ten days provided in Rule 29, SCRCrimP. *Campbell*, 376 S.C. at 215, 656 S.E.2d at 373.

The supreme court discussed Rule 29's temporal restriction within the more general rule that a trial judge is without jurisdiction to consider a criminal matter once the term of court, during which judgment was entered, expires. *Campbell*, 376 S.C. at 215, 656 S.E.2d at 373; *State v. Hinson*, 303 S.C. 92, 399 S.E.2d 422 (1990). While affirming that the ten day limitation is jurisdictional, and ultimately reversing the plea judge's consideration of the State's motion outside of time, the supreme court emphatically stated the rule did not involve subject matter jurisdiction. *Campbell*, 376 S.C. at 216–17, 656 S.E.2d at 373–74. "When [the supreme court] used the 'lack of jurisdiction' language, [it] meant that the trial court simply no longer has the power to act in a particular manner because the term of court has ended." *Id.* at 216, 376 S.E.2d at 373. This, the court said, is more in line with the evolution of this state's jurisprudence regarding jurisdiction since the *Gentry* decision. *Id.* (citing *Gentry*, 363 S.C. 93, 610 S.E.2d 494).

■ We find the period of time for motions for new trials prescribed in section 22-3-1000 is similar to the ten day limit in Rule 29 and discussed in *Campbell*. Consequently, if the municipal court erred in entertaining Holtzclaw's motion to reopen his case, this was an error of the municipal court's exercise of jurisdiction, and does not implicate its general grant of subject matter jurisdiction. "[W]hen there is jurisdiction of the person and subject matter, the decision of all other questions arising in the case is but an exercise of that jurisdiction." *Piana v. Piana*, 239 S.C. 367, 372, 123 S.E.2d 297, 299 (1961) (citation omitted).

> There is a wide difference between want of jurisdiction in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction in which case the action of the trial court is not void although it may be subject to direct attack on appeal.

*Id.* (quoting *Jackson City Bank & Trust Co. v. Fredrick*, 271 Mich. 538, 260 N.W. 908, 909 (1935)).

■ Indeed, DMV is probably correct in its assertion the municipal court erred in hearing Holtzclaw's motion to reopen; however, whereas a judgment entered without subject matter jurisdiction is void, the improper exercise of jurisdiction by a court, albeit decidedly wrong, is as binding as a proper exercise of jurisdiction, is merely voidable, and must be attacked on direct appeal. *Id.; Matter of Morrison,* 321 S.C. 370, 372, 468 S.E.2d 651, 652 (1996). Therefore, the proper recourse to challenge any alleged error in reopening Holtzclaw's case should have been made in a direct appeal from the municipal court's order. *Fryer v. S.C. Law Enforcement Div.,* 369 S.C. 395, 399, 631 S.E.2d 918, 920 (Ct.App. 2006); *Coon v. Coon,* 356 S.C. 342, 347–48, 588 S.E.2d 624, 627 (Ct.App.2003), *aff'd as modified,* 364 S.C. 563, 614 S.E.2d 616 (2005).

DMV asserts this case is similar to *Town of Hilton Head Island v. Godwin,* 370 S.C. 221, 634 S.E.2d 59 (Ct.App.2006). In *Godwin,* the defendant, Godwin, was convicted of criminal domestic violence, and some eight years after the conviction, made a motion to set aside the conviction and/or a motion for a new trial in municipal court. *Id.* at 223, 634 S.E.2d at 60. The town appeared and argued the municipal court lacked jurisdiction to hear the motion because it was untimely. *Id.* The court agreed, and denied Godwin's motion; however on appeal, the circuit court agreed with Godwin, and granted a new trial based on "substantial justice." *Id.* On appeal, this court vacated the circuit court's grant of a new trial, finding "the municipal court correctly held Godwin's challenge to his conviction was untimely, and the circuit court erred in failing to grant the Town's motion to dismiss for lack of jurisdiction." *Id.* at 225, 634 S.E.2d at 61.

DMV's argument that *Godwin* and the case before us are similar is compelling at first blush; nevertheless, a crucial distinction between these two cases necessitates our affirmance: the appeal taken from the motion for a new trial in *Godwin* was a direct appeal from the municipal court, first by Godwin, then the Town; here, no appeal was taken from the municipal court's order. DMV correctly points out that it was not a party to the underlying traffic violation or the motion to reopen and that therefore, only the prosecuting body, which actually signed off on the municipal court's motion to reopen

at the time, would have been able to appeal the decision. We believe this is the proper policy to follow, as the DMV appears to be a record keeping agency in this instance. It is solely within the court's province to decide the guilt or innocence on a particular charge, before the result is reported to the DMV.

Accordingly, the DMV's position in this case is an improper collateral attack on the valid, even if improvidently decided, order of the municipal court. Moreover, because the third violation conviction case was merely reopened, Holtzclaw could still be found guilty of driving under a suspended license, at which time DMV could once again seek to have Holtzclaw deemed a Habitual Offender. Because the municipal court's entertainment of Holtzclaw's motion to reopen outside of the five day limitation in section 22–3–1000 did not involve subject matter jurisdiction, any error in its resulting order was voidable, rather than void, and only subject to direct appeal. The dismissal by the ALC in this case is therefore

**AFFIRMED.**

SHORT, J., and KONDUROS, J., concur.