THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Motor Vehicles, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Sharon
 Westfall, Respondent.
 
 
 
 
 

Appeal from the Administrative Law Court
John D. McLeod, Administrative Law Court Judge

Unpublished Opinion No. 2011-UP-177
 Submitted April 1, 2011  Filed April 19,
2011  

REVERSED AND REMANDED

Frank L. Valenta, Jr., Philip S. Porter, and
 Linda A. Grice, all of Blythewood, for Appellant.
Sharon Westfall, pro se, of Camden, for
 Respondent.
PER CURIAM:  The
 South Carolina Department of Motor Vehicles (the DMV) appeals the reinstatement
 of Sharon Westfall's driver's license by the Department of Motor Vehicle
 Hearings (the DMVH).  The DMV argues the administrative law court (the ALC)
 erred in (1) dismissing the DMV's appeal for failure to provide a sufficient
 record and (2) adopting the DMVH's order that allegedly misconstrued statutory
 law in reinstating the license.  We reverse and remand.[1]
The
 legislature has established "the standard of review when the court of
 appeals is sitting in review of a decision by the ALC on an appeal from an
 administrative agency."  S.C. Dep't of Motor
 Vehicles v. Holtzclaw, 382 S.C. 344, 347, 675 S.E.2d 756, 758 (Ct. App.
 2009).  "The court of appeals may affirm the decision or remand the case for
 further proceedings . . . ."  S.C. Code Ann. § 1-23-610
 (Supp. 2010).  Moreover, it "may reverse or modify the decision . . .
 if . . . the decision is . . . characterized by an abuse of
 discretion . . . ."  Holtzclaw, 382 S.C. at 347, 675
 S.E.2d at 758.
I.  Insufficient
 Record
The ALC dismissed the DMV's appeal
 for failure to provide a sufficient record, reasoning a fair review of the case
 was impossible because the record did not include a transcript of the testimony
 and the tape of the testimony in the administrative hearing was blank.  The DMV
 argues the ALC overlooked the duty of the DMVH to produce the record for the
 ALC's review.  We agree.
"An abuse of discretion occurs where the
 trial judge['s decision] was controlled by an error of law . . . ."  Law v. S.C. Dep't of Corrs., 368 S.C. 424, 438, 629 S.E.2d 642, 650
 (2006) (internal quotation marks omitted).  In proceedings before the DMVH,
 "[t]ape recordings of all hearings will be made part of the record on
 appeal, . . . and copies will be provided to parties to those
 appeals at no charge."  S.C. Code Ann. § 1-23-660 (Supp. 2007).  "Appeals from decisions
 of the [DMVH] must be taken to the [ALC] pursuant to the [ALC]'s appellate
 rules of procedure."  Id.  And "on its own motion, [the ALC]
 may dismiss an appeal for failure to comply with any of the rules of procedure
 for appeals . . . ."  Rule 38, SCALCR.  Under the ALC's
 procedural rules, the agency with possession of the record of the proceedings
 must file the record with the ALC and serve a copy on each party to the appeal.  Rule 35, SCALCR; Rule 36(A), SCALCR.  The record must
 include a transcript of the testimony.  Rule 36(B), SCALCR.  
Here, the ALC abused its discretion in dismissing the appeal
 with prejudice.  Although the ALC's procedural rules give the ALC broad
 discretion in dismissing appeals for failure to follow the rules, the ALC's
 dismissal of this appeal (1) was inconsistent with policy underlying the burden
 of providing sufficient records and (2) misconstrued the duties upon the
 parties.  Dismissals of appeals for failure to provide a sufficient record
 reflect the general policy that appellants have the duty to provide the record
 to the reviewing court.  Helms Realty,
 Inc. v. Gibson-Wall Co., 363 S.C. 334, 339, 611 S.E.2d
 485, 488-89 (2005).  However, in appeals from the DMVH, the DMV has neither a duty to
 tape the proceedings nor a duty to file a transcript with the ALC.  Both of those
 duties fall upon the DMVH, and in this case, the DMVH breached those duties.  Therefore,
 the ALC's dismissal of this case for failure to comply with a duty placed upon
 a nonparty is an abuse of discretion. Accordingly, we remand the case to
 the ALC to reconstruct the record and address the merits. 
II.   Construction
 of Statutory Law
The DMV argues the ALC's
 decision to uphold and adopt the DMVH's order should be reversed because the DMVH
 erroneously considered whether Westfall was notified that her insurance had
 lapsed before the accident and whether she was at fault in the accident.  Because
 we reverse and remand the case on the first issue, we need not address this argument.
  See Bailey
 v. S.C. Dep't of Health & Envtl. Control, 388 S.C. 1, 8, 693 S.E.2d
 426, 430 (Ct. App. 2010) (holding that an appellate court need not address
 remaining issues when a decision on a prior issue is dispositive).  
REVERSED AND REMANDED.
FEW, C.J.,
 THOMAS and KONDUROS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.