**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

City of Georgetown, Respondent,

v.

Willie Singleton, Appellant.

Appellate Case No. 2012-212102

———————————

Appeal From Georgetown County
Benjamin H. Culbertson, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-009
Submitted October 10, 2014 – Filed January 7, 2015

———————————

**VACATED**

———————————

Willie Singleton, pro se, of Georgetown.

Robert Wade Maring, of Maring Law Firm, P.A., of Georgetown, for Respondent.

———————————

**PER CURIAM:**  Willie Singleton appeals the circuit court's order affirming his municipal court conviction of maintaining a public nuisance.  We vacate the circuit court's order.

We find the circuit court lacked appellate jurisdiction over this appeal because Singleton failed to timely appeal to the circuit court. *See* S.C. Code § 14-25-95 (Supp. 2013) ("Any party shall have the right to appeal from the sentence or judgment of the municipal court to the Court of Common Pleas of the county in which the trial is held. Notice of intention to appeal, setting forth the grounds for appeal, must be given in writing and served on the municipal judge or the clerk of the municipal court within ten days after sentence is passed or judgment rendered, or the appeal is considered waived."). Singleton was convicted on July 13, 2011; however, he did not serve his notice of appeal until July 29, 2011. Because Singleton failed to file and serve his notice of appeal within ten days, his appeal was untimely. Therefore, the circuit court lacked appellate jurisdiction over the appeal. *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice."); *Town of Hilton Head Island v. Godwin*, 370 S.C. 221, 224, 634 S.E.2d 59, 61 (Ct. App. 2006) ("A party who fails to timely appeal or take any other timely action necessary to correct an error is procedurally barred from contesting the validity of the conviction."). Therefore, we find the circuit court erred in not dismissing this appeal for lack of appellate jurisdiction. Accordingly, we vacate the circuit court's order.[1]

**VACATED.**[2]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[1] In light of our decision, we do not address the remaining issues.
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.