**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA
In The Court of Appeals**

Corey Arness McCluney, Appellant,

v.

South Carolina Department of Motor Vehicles and South Carolina Department of Public Safety, Defendants,

Of which South Carolina Department of Motor Vehicles is the Respondent.

Appellate Case No. 2017-001247

———————

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

———————

Unpublished Opinion No. 2018-UP-219
Submitted May 1, 2018 – Filed May 30, 2018

———————

**AFFIRMED**

———————

Trent Neuell Pruett, of Pruett Law Firm, of Gaffney, for Appellant.

Frank L. Valenta, Jr., Philip S. Porter, and Brandy Anne Duncan, all of the South Carolina Department of Motor Vehicles, of Blythewood, for Respondent.

———————

**PER CURIAM:**  Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *S.C. Dep't of Motor Vehicles v. Holtzclaw*, 382 S.C. 344, 347, 675 S.E.2d 756, 757 (Ct. App. 2009) (finding "[t]he [Office of Motor Vehicle Hearings (OMVH)] is authorized to hear contested cases arising from the [Department of Motor Vehicles]" pursuant to section 1-23-660 of the South Carolina Code (Supp. 2017)); *id.* at 347, 675 S.E.2d at 758 ("[T]he [O]MVH is an agency under the Administrative Procedures Act."); *id.* ("Appeals from Hearing Officers must be taken to the [Administrative Law Court (ALC)]."); S.C. Code Ann. § 1-23-610(B) (Supp. 2017) ("The review of the [ALC]'s order must be confined to the record. The [appellate] court may not substitute its judgment for the judgment of the [ALC] as to the weight of the evidence on questions of fact.  The court of appeals . . . may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is: (a) in violation of constitutional or statutory provisions; . . . [or] (c) made upon unlawful procedure . . . ."); *Stono River Envtl. Prot. Ass'n v. S.C. Dep't of Health and Envtl. Control*, 305 S.C. 90, 93-94, 406 S.E.2d 340, 342 (1991) ("Administrative agencies are required to meet minimum standards of due process."); *id.* at 94, 406 S.E.2d at 342 ("Due process is flexible and calls for such procedural protections as the particular situation demands." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972))); *Brenco v. S.C. Dep't of Transp.*, 377 S.C. 124, 127, 659 S.E.2d 167, 169 (2008) ("The decision whether to reopen a record for additional evidence is within the trial court's sound discretion and will not be disturbed on appeal absent an abuse of that discretion.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.