**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Moats Construction, Inc, Appellant,

v.

City Council of the City of Anderson, Respondent.

Appellate Case No. 2021-000285

Appeal From Anderson County
R. Scott Sprouse, Circuit Court Judge

Unpublished Opinion No. 2023-UP-124
Submitted March 15, 2023 – Filed March 29, 2023

**AFFIRMED**

Thomas Jefferson Goodwyn, Jr., of Goodwyn Law Firm, LLC, and Coy David Beale, Jr., of Samuels Reynolds Law Firm LLC, both of Columbia, for Appellant.

Stacey Todd Coffee, of Logan & Jolly, LLP, and J. Franklin McClain, of City Attorney's Office, Anderson, both of Anderson, for Respondent.

**PER CURIAM:** Moats Construction, Inc., appeals the circuit court's dismissal of its appeal of a decision by the City Council of the City of Anderson (the City) regarding a procurement matter for failure to file the appeal in a timely manner.

On appeal to this court, Moats argues the City failed to provide notice of its decision directly to Moats and thus violated the South Carolina Rules of Civil Procedure and Moats's due process right to be heard. However, in its notice of appeal to the circuit court, Moats expressly acknowledged receiving written notice of the entry of the City's decision on March 23, 2020, and its attorney stated at the hearing on the City's motion to dismiss that Moats "was sent a letter that we were cc'd on back in March." Furthermore, as Moats acknowledged in its brief to this court, its appeal to the circuit court was filed in September 2020, more than six months after notification of the City's decision. Therefore, we affirm the circuit court's dismissal of Moats's appeal pursuant to Rule 220(b), SCACR, and the following authorities: Rule 74, SCRCP (stating a notice of appeal to the circuit court from the judgment of an inferior court or decision of an administrative agency or tribunal "must be served on all parties within thirty . . . days after receipt of written notice of the judgment, order[,] or decision appealed from"); *id.* (requiring a notice of appeal to the circuit court to "be filed with the clerk of the court to which the appeal is taken and with the inferior court or administrative agency or tribunal within the time provided . . . by this rule when no time is fixed by statute[] for service of the notice of intention to appeal"); *Brown v. S.C. Dep't of Health & Env't Control*, 348 S.C. 507, 519, 560 S.E.2d 410, 417 (2002) (stating the circuit court "sits as an appellate court" when it reviews the final decision of an administrative agency); *Town of Hilton Head Island v. Godwin*, 370 S.C. 221, 223, 634 S.E.2d 59, 60 (Ct. App. 2006) ("[An] appellate court must always take notice of the lack of . . . jurisdiction to [decide an appeal.]"); *id.* at 224, 634 S.E.2d at 61 ("A party who fails to timely appeal or take any other timely action necessary to correct an error is procedurally barred from contesting the validity of the [challenged ruling].").

**AFFIRMED.**[1]

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.