693 S.E.2d 426

James J. BAILEY, Appellant,

v.

**SOUTH CAROLINA DEPARTMENT OF HEALTH**
and Environmental Control and Jean
Townsend, Respondents.

No. 4673.

Court of Appeals of South Carolina.

Heard Feb. 10, 2010.
Decided April 6, 2010.
Rehearing Denied June 4, 2010.

2

Mary D. Shahid, of Charleston, for Appellant.

Elizabeth A. Dieck, of Mount Pleasant and Davis Arjuna Whitfield–Cargile, of Charleston, for Respondent South Carolina Department of Health and Environmental Control; and Christopher M. Holmes, of Mount Pleasant, for Respondent Jean Townsend.

SHORT, J.

In this dispute involving a dock, James Bailey appeals from the Administrative Law Court's (ALC) order, arguing the ALC erred in: (1) finding the dock was a private dock; (2) failing to remand the permit application for consideration of the use of the proposed construction and the impact of the use on Bailey; and (3) determining Bailey lacked legal standing to contest the permit decision. We affirm.

## FACTS

James Bailey, a landowner and part-time resident of Wadmalaw Island (the Island) in South Carolina, challenged DHEC's decision to issue a permit to Jean Townsend, a nearby property owner, for the modification of a private recreational dock. Bailey's property is downstream from Townsend's property, and it is separated from Townsend's property by two pieces of land, each owned separately by Dana Beach and James Wells, neither of which are a party to this case.[1] Wells' property is situated next to Townsend's property.

---

1. James Wells is Townsend's son.

Townsend and her two sisters inherited the property and dock in 1996.[2] The dock was permitted by the War Department in 1948, and used as a commercial dock until 1995. Townsend's father ran a commercial shrimping operation from the dock for years until he became ill, and then he leased the dock to another commercial shrimping company. The dock was larger than most other docks in the area, and although the Island had been rezoned in the 1980s, the dock was grandfathered and allowed to exist in the form it was in during 1977.

In 2005, several portions of the dock's walkway collapsed, and DHEC granted two permits for repairs to the dock. Bailey objected to the repairs to the dock, and in response to Bailey's complaints, DHEC brought a revocation action in 2007, to remove a 64–foot portion of the dock that had already been approved and rebuilt.[3] The action was heard in 2008, by Administrative Law Judge Ralph King Anderson, III. Judge Anderson denied the revocation, which is not at issue in this case.

At issue in this case is a permit granted by DHEC on September 6, 2007, for modifications to Townsend's dock.[4] Although the construction involved adding a floating dock, it did not enlarge or alter the dock's original footprint because other parts of the dock were being removed. On September 19, 2007, Bailey mailed DHEC a request for final review of the decision, claiming the dock was being used commercially.[5] Specifically, Bailey argued the modification was not for Townsend's personal use but was to accommodate a fishing boat owned by John Bittner and a sailboat owned by Robert

2. Townsend and her sisters jointly own the property as members of an LLC; however, we refer to the property as the Townsend's property to be consistent with the ALC's order.

3. Based on Bailey's allegations, DHEC and the Charleston Planning Department conducted an investigation in 2006, but neither found any evidence of commercial activity taking place at the dock.

4. For the purpose of this appeal, Bailey only objected to the conversion of a portion of the fixed dock to a floating dock with a walkway.

5. According to Bailey's brief, the DHEC board decided not to hear the matter on October 18, 2007; however, a copy of this decision is not included in the Record on Appeal.

Johnson. Townsend claimed Bittner and Johnson were friends that she allowed to use her dock as a favor; however, Bailey asserted Bittner and Johnson's use of the dock was part of a commercial arrangement, indicating the beginning of a marina. Bittner's boat was a charter boat at one time, but it had not been since 1996 or 1997. Also, the boat did not have a captain, DNR charter license, business license, or tuna license, and it did not dock at a commercial facility as would be required if it were run as a charter. At times, both Bittner and Johnson had given money to Townsend to help pay for repairs to the dock or dock expenses, such as electricity and insurance; however, Townsend did not have a written agreement with them, and she did not rent slips or allow the general public access to the dock. As a result of Bailey's complaints, in 2008, Townsend requested that Bittner and Johnson stop giving her money for dock-related costs.

On November 16, 2007, Bailey filed a notice of request and request for a contested case hearing with the ALC. In his request, Bailey stated the grounds for review involved the permit's improper characterization of the construction as being for private recreational use when the dock was originally permitted as a commercial dock. Bailey asserted if Townsend wanted to use the dock for private use, she had to request a change of use from commercial to private, and if the change was permitted, the dock would have to be modified to conform with the regulations pertaining to private docks. A hearing was held on June 17, 2008, before Administrative Law Judge John Geathers, and was concluded by conference call on the record with counsel for all parties on July 3, 2008. Judge Geathers issued his order on July 23, 2008, finding Bailey lacked standing to contest the permit. This appeal followed.

## STANDARD OF REVIEW

The ALC presides over all hearings of contested DHEC permitting cases and, in such cases, serves as the fact-finder and is not restricted by the findings of the administrative agency. S.C.Code Ann. § 1–23–600(A) (Supp.2009); *Terry v. S.C. Dep't of Health & Envtl. Control*, 377 S.C. 569, 573, 660 S.E.2d 291, 293 (Ct.App.2008); *Marlboro Park Hosp. v. S.C. Dep't of Health & Envtl. Control*, 358 S.C. 573, 577, 595 S.E.2d 851, 853 (Ct.App.2004). This court's scope of review is set

forth in section 1–23–610(B) of the South Carolina Code (Supp.2009). That section provides:

> The review of the administrative law judge's order must be confined to the record. The court may not substitute its judgment for the judgment of the administrative law judge as to the weight of the evidence on questions of fact. The court of appeals may affirm the decision or remand the case for further proceedings; or it may reverse or modify the decision if the substantive rights of the petitioner have been prejudiced because the finding, conclusion, or decision is:
>
> (a) in violation of constitutional or statutory provisions;
>
> (b) in excess of the statutory authority of the agency;
>
> (c) made upon unlawful procedure;
>
> (d) affected by other error of law;
>
> (e) clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
>
> (f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id.; see S.C. Coastal Conservation League v. S.C. Dep't of Health & Envtl. Control,* 380 S.C. 349, 360, 669 S.E.2d 899, 904–05 (Ct.App.2008) (finding this court's review of an ALC judge's order to be governed by S.C.Code Ann. § 1–23–610(C) (Supp.2007)); *Reliance Ins. Co. v. Smith,* 327 S.C. 528, 535 n. 6, 489 S.E.2d 674, 678 n. 6 (Ct.App.1997) (noting the standards of review established under S.C.Code Ann. §§ 1–23–380(A)(6) and 1–23–610(D) (Supp.1996) are essentially identical, but declining to decide which section would apply to the case due to the similarities between the two sections).[6]

"Under our standard of review, we may not substitute our judgment for that of the [ALC] as to the weight of the evidence on questions of fact unless the [ALC's] findings are clearly erroneous in view of the reliable, probative and substantial evidence in the whole record." *Comm'rs of Pub. Works v. S.C. Dep't of Health & Envtl. Control,* 372 S.C. 351, 358, 641 S.E.2d 763, 766–67 (Ct.App.2007). Substantial evidence is not a mere scintilla of evidence, but evidence which, considering the record as a whole, would allow reasonable

---

6. These sections can now be found in S.C.Code Ann. §§ 1–23–380(5) and 1–23–610(B) (Supp.2009).

minds to reach the conclusion the ALC reached. *Leventis v. S.C. Dep't of Health & Envtl. Control*, 340 S.C. 118, 130, 530 S.E.2d 643, 650 (Ct.App.2000).

## LAW/ANALYSIS

■ Bailey argues the ALC erred in finding he lacked legal standing to contest the permit decision. We disagree.

In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), the United State Supreme Court enunciated a three-part standing test:

> First, the plaintiff must have suffered an "injury in fact"— an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical.'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Id.* (internal citations omitted); *see Smiley v. S.C. Dep't of Health & Envtl. Control*, 374 S.C. 326, 329, 649 S.E.2d 31, 32–33 (2007) (quoting *Lujan* ).

Bailey asserts "his use and enjoyment of the creek and his dock have been and will continue to be harmed by the existing commercial use of Townsend's dock and the failure of [DHEC] to give proper review to that use." Bailey claims he has standing because he "has a concrete and particularized injury which is actual or imminent and not conjectural." He asserts this based on the following claims: (1) he uses his dock almost every weekend; (2) his enjoyment of the creek and his property has been adversely affected by the continued commercial use of the dock and DHEC's failure to properly evaluate the dock's use; (3) there is a causal connection between the injury to his interests and the conduct complained of; and (4) his injury can be redressed by a remand to DHEC to require review of the actual use of the dock, which would provide a forum for Bailey to have his concerns evaluated and may lead to either a denial of the permit or an official recognition of the actual use of Townsend's dock.

Judge Geathers found Bailey lacked standing to challenge the dock permit because he failed to meet all three of the elements of the standing test. First, Judge Geathers found Bailey did not show an injury in fact from the permitted conversion of the fixed dock into a floating dock, and Bailey presented no evidence to support his contention that the dock was being used for commercial purposes. Further, he found that Bailey's concern that the dock would become a marina was conjectural and speculative. Second, Judge Geathers found no causal connection between Bailey's alleged injury and the permitted conversion of the fixed dock into a floating dock because the boats had been docked there for years, and they would continue to be docked there regardless of the permitting decision. Third, Judge Geathers found it was not likely that Bailey's alleged injury would be redressed by a favorable decision because the boats would remain at Townsend's dock regardless of whether the dock was a fixed or floating dock.

We find the evidence supports Judge Geathers' finding that Bailey lacks standing to contest the permit. Bailey admitted the dock interfered with the quiet enjoyment of his property whether it was fixed or floating. He also admitted he would not have a problem with the floating dock if there were no boats at the dock. Further, he admitted he did not have a problem with the Johnsons' sailboat being at the dock. He stated his concern was with Bittner's motor boat because it was large, and he worried about the boat breaking away from Townsend's dock and destroying his dock or hurting his children while they were in the water. Curtis Joyner, manager of wetland permitting and certification at DHEC, testified that regardless of the changes, the potential of having boats mooring at the dock would still exist. He also testified that the permitted dock changes that involved removing a portion of the dock and adding a floating dock would not have any impact on the current navigation of the waterway because the dock would be the same length.

Bailey testified that his objection was over the dock being used in a commercial manner as a marina, and he asserted the Townsends did not need a forty-foot floating dock for their personal use. However, Bailey failed to present any evidence showing that Townsend's dock was being used for commercial

purposes. Townsend asserted Bittner and Johnson were friends that she allowed to use the dock as a favor, not as a commercial arrangement. Townsend did not have a written agreement with Bittner or Johnson to pay her for using the dock, and she did not rent slips or allow the general public access to the dock. Further, due to Bailey's claims, Townsend requested that Bittner and Johnson stop giving her money for dock-related costs.

Therefore, we find no error in Judge Geathers' determination that Bailey lacked standing to challenge the dock permit because he failed to meet all three of the elements of the standing test. Because we affirm the ALC's order finding Bailey lacks standing to contest the permit decision, we need not address Bailey's remaining arguments. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of another issue is dispositive of the appeal).

## CONCLUSION

Accordingly, the ALC's order is

**AFFIRMED.**

WILLIAMS and LOCKEMY, JJ., concur.