698 S.E.2d 770

SOUTH CAROLINA DEPARTMENT OF
MOTOR VEHICLES, Respondent,

v.

Osier Palmer BLACKWELL, III, Appellant.

No. 26850.

Supreme Court of South Carolina.

Heard May 13, 2010.
Decided Aug. 9, 2010.

Ricky Keith Harris, of Spartanburg, for Appellant.

Philip S. Porter, Frank L. Valenta, Jr., Linda A. Grice, of Blythewood, for Respondent.

Chief Justice TOAL.

Osier P. Blackwell, III (Appellant) appealed the administrative law court's (ALC) decision that a conviction for driving with an unlawful alcohol concentration constitutes a major violation under the habitual traffic offender statute found at S.C.Code Ann. § 56-1-1020. We certified the case pursuant to Rule 204(b), SCACR, and affirm.

## FACTS/PROCEDURAL BACKGROUND

In 2003, Appellant twice was cited for and convicted of driving while under suspension. Appellant was cited for driving with an unlawful alcohol concentration (DUAC) in 2006, but not convicted until 2008. In July 2008, Appellant received an official Notice of Declaration of Habitual Offender Status from the Department of Motor Vehicles (DMV), which included a five year suspension of his driver's license.

Appellant requested a hearing, and the Division of Motor Vehicles Hearings (DMVH) rescinded Appellant's suspension. The DMVH found that DUAC is not a major offense under the habitual traffic offender statute because it does not include the material element of establishing the offender was under the influence of alcohol. Thus, DUAC does not equate to the enumerated offense in section 56-1-1020 of operating or attempting to operate a motor vehicle while under the influence of alcohol.

The DMV appealed to the ALC, which reversed the DMVH. South Carolina Code section 56-5-2950(b)(3) says that if a person has an alcohol concentration of .08% or greater, then it may be inferred that person is under the influence of alcohol. The ALC reasoned that because the DUAC statute requires a person's alcohol concentration to be at .08% or above, you can infer "under the influence" from a DUAC conviction. Thus, if a person is convicted of DUAC, it is a major violation of the habitual traffic offender statute because it equates to operating a motor vehicle while under the influence of alcohol. The

ALC reversed the DMVH and reinstated Appellant's suspension. Appellant appealed, and we certified the case.

## Standard of Review

In an appeal from the ALC's decision, the Administrative Procedures Act provides the appropriate standard of review. S.C.Code Ann. § 1–23–610(B) (Supp.2008). This Court will only reverse the ALC's decision if it is:

(a) in violation of constitutional or statutory provisions;

(b) in excess of the statutory authority of the agency;

(c) made upon unlawful procedure;

(d) affected by other error of law;

(e) clearly erroneous in view of the reliable, probative and substantial evidence on the whole record; or

(f) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Id.*

## Analysis

Appellant argues the ALC erred in reversing the DMVH and reinstating his suspension. We disagree.

South Carolina's habitual offender law states that a person who has been convicted of committing at least three described offenses within a three year period is an habitual traffic offender. S.C.Code Ann. § 56–1–1020 (2006). Included in the list is "operating or attempting to operate a motor vehicle while under the influence of intoxicating liquors, narcotics or drugs." *Id.* § 56–1–1020(a)(2).

Appellant was convicted of driving with an unlawful alcohol concentration under section 56–5–2933, which states that it is "unlawful for a person to drive a motor vehicle within this State while his alcohol concentration is eight one-hundredths of one percent or more." This offense is distinct from "operating a motor vehicle while under influence of alcohol or drugs," which requires the driver to be under the influence of alcohol to the extent that the driver's faculties are "materially and appreciably impaired." *Id.* § 56–5–2930.

Appellant argues that because the habitual offender statute uses the language "under the influence," an offense that does

not require a showing of being "under the influence" may not be counted against him under the statute. The ALC, on the other hand, found that DUAC is comparable to operating a motor vehicle while intoxicated and thus is sufficient for the habitual offender statute. We agree.

Specifically, the ALC found that while "under the influence" is not defined within the statutes, section 56–5–2950(b)(3) states that if a driver's alcohol concentration is .08% or higher, it may be inferred that the driver is under the influence of alcohol. Thus, because a driver must have an alcohol concentration of at least .08% to be convicted of DUAC, an inference of "under the influence" may be inferred from a DUAC conviction. That permissible inference, along with the broad and inclusive nature of the habitual offender statute,[1] supports the ALC's ruling that a conviction of DUAC is contemplated by and qualifies under the habitual offender statute.

The offense of DUAC carries a permissible inference of being under the influence. A conviction under section 56–5–2930 requires a driver to be under the influence to a certain extent. A driver may have an alcohol concentration sufficient to support a conviction of DUAC and trigger the inference, but his faculties may not be impaired to the degree required for a conviction under section 56–5–2930. Both offenses are predicated upon a driver operating a vehicle while under the influence of alcohol, albeit to potentially different extents. The plain language of the habitual offender statute only requires a driver to be under the influence—it does not have the higher standard of section 56–5–2930. Therefore, a conviction for DUAC qualifies as a major violation under the habitual offender statute.

## CONCLUSION

For the above reasons, the ALC's decision that a conviction for driving with an unlawful alcohol concentration constitutes a

---

1. The legislative declaration of policy also supports the ALC's reading of the habitual offender statute. *See id.* § 56–1–1010 (stating the policy behind the legislation is to provide for the safety of people on public roads, to deny driving privileges to those drivers who demonstrate indifference to traffic laws, and to discourage drivers from repeatedly violating traffic laws).

major violation under the habitual traffic offender statute is affirmed.

HEARN, J. and Acting Justice JAMES E. MOORE, concur.

KITTREDGE, J., dissenting in a separate opinion in which PLEICONES, J., concurs.

Justice KITTREDGE, dissenting in a separate opinion.

I respectfully dissent. The habitual traffic offender statute defines a "habitual offender" as a person who has:

(a) Three or more convictions, singularly or in combination of any of the following *separate and distinct offenses* arising out of separate acts:

(1) Voluntary manslaughter, involuntary manslaughter or reckless homicide resulting from the operation of a motor vehicle;

(2) Operating or attempting to operate a motor vehicle while under the influence of intoxicating liquor, narcotics or drugs;

(3) Driving or operating a motor vehicle in a reckless manner;

(4) Driving a motor vehicle while his license, permit, or privilege to drive a motor vehicle has been suspended or revoked, except a conviction for driving under suspension for failure to file proof of financial responsibility;

(5) Any offense punishable as a felony under the motor vehicle laws of this State or any felony in the commission of which a motor vehicle is used;

(6) Failure of the driver of a motor vehicle involved in any accident resulting in the death or injury of any person to stop close to the scene of such accident and report his identity;

S.C.Code Ann. § 56-1-1020(a) (2006) (emphasis added).

The habitual offender statute lists six specific offenses that "count" towards habitual offender status. Indeed, the legisla-

ture elected to limit qualifying offenses to the enumerated "separate and distinct offenses." The enumerated offenses set forth in sections (1), (2), (3), (4) and (6), refer to specific statutory offenses,[2] and section (5) incorporates the provisions of the motor vehicle laws punishable as a felony.

Given the clear statutory language, I take the view that if an offense is not one of the six listed in the habitual offender statute, the conviction may not "count" towards habitual offender status. The offense of driving with an unlawful alcohol concentration (DUAC) is not included as one of the section 56–1–1020(a) offenses. I thus conclude the offense of DUAC is not a qualifying offense under section 56–1–1020(a) for habitual offender status.

Moreover, I disagree with the Court's attempt to satisfy the statute by equating the offense of DUI with the offense of DUAC. Under South Carolina law, DUI and DUAC are different offenses. *See* § 56–5–2930 and § 56–5–2933. The element of "driving under the influence" is not present in an offense for DUAC. I respectfully disagree with the majority's analysis which bootstraps § 56–5–2950(b)(3), a permissible inference provision located in an entirely different statute, to the DUAC statute in order to reach the conclusion that a conviction for DUAC qualifies as a conviction of "operating or attempting to operate a motor vehicle while under the influence."

I certainly understand the policy rationale for including the offense of DUAC as a qualifying offense for habitual traffic offender status, but that determination lies with the legislature and not this Court.

I vote to reverse the decision of the ALC.

PLEICONES, J., concurs.

---

**2.** *See* S.C.Code Ann. §§ 56–1–440, 56–5–1210, 56–5–2910, 56–5–2920, and 56–5–2930 (2008).