THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 South Carolina
 Department of Motor Vehicles, Appellant,
 
 
 
 
 

v.

 
 
 
 
 Dominic
 Vladimir Gibbs, Respondent.
 
 
 
 
 

Appeal from the Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

Unpublished Opinion No. 2011-UP-107
 Submitted March 1, 2011  March  16,
2011

REVERSED AND REMANDED

 
 
 
 General Counsel Frank L. Valenta, Jr.,
 Deputy General Counsel Philip S. Porter, and Assistant General Counsel Linda A.
 Grice, all of Blythewood, for Appellant.
 Dominic V. Gibbs, pro se, of Anderson, for
 Respondent.
 
 
 

PER CURIAM:  The
 Department of Motor Vehicles (the DMV) appeals the reinstatement of Dominic
 Gibbs's driver's license by the Administrative Law Court (the ALC).  Gibbs did
 not file a respondents brief.  We reverse and remand.[1]
The ALC held the
 DMV improperly declared Gibbs a habitual offender because one of Gibbs' three driving
 under suspension convictions could not support habitual offender status.  The ALC
 ruled the offense fell under a statutory exception that precluded basing habitual offender status upon convictions of driving
 under suspension for the failure to file proof of financial responsibility.  The
 DMV argues the relevant conviction of driving under suspension did not fall
 within that exception because the suspension was based upon a different
 offense: the failure to show proof of insurance when stopped by a police
 officer.  We agree.
When this court reviews an
 ALC's decision on appeal from the DMV, this court may
 reverse or modify the decision if the decision is affected by an error of law.  S.C. Dep't of Motor Vehicles v. Holtzclaw, 382 S.C. 344, 347, 675 S.E.2d
 756, 758 (Ct. App. 2009).  The supreme court has focused on the plain language
 of the habitual offender statute when construing its meaning.  S.C. Dep't of
 Motor Vehicles v. Blackwell, 389 S.C. 293, 296, 698 S.E.2d 770, 772 (2010). 
 Under that statute, the DMV may declare a person a habitual offender if the
 person has been convicted of three or more qualifying offenses committed within
 a three-year period.  S.C. Code Ann. § 56-1-1020(a) (2006).  Those qualifying
 offenses include driving under suspension, "except a conviction for
 driving under suspension for failure to file proof of financial responsibility
 . . . ."  § 56-1-1020(a)(4).  
Here, we hold the ALC erred
 in treating Gibbs's conviction of driving under suspension for failure to show
 proof of insurance to a police officer as the same offense as a conviction of
 driving under suspension for failure to file proof of financial
 responsibility.  The habitual offender statute's exception refers to various
 sections of the Motor Vehicle Financial
 Responsibility Act requiring a person to file a certificate of insurance
 or bond with the DMV.  See S.C. Code Ann. § 56-9-540 to -570 (2006) ("Proof of financial responsibility when required
 . . . may be given by filing [with the DMV]: (1) [a] certificate of insurance . . . [or]
 (2) [a] bond . . . ."); see also S.C. Code Ann. §
 56-9-361, -460 (2006) (providing that the DMV may
 allow a suspended driver to keep a license to operate a vehicle owned by an
 employer if the employer "furnishe[s] proof of financial responsibility
 . . ."); S.C. Code Ann. § 56-9-440, -470 (2006)
 (providing that if a judgment creditor of a motor vehicle accident consents,
 the judgment debtor who was uninsured at the time of the accident may retain
 driving privileges so long as the judgment debtor "furnishes proof of
 financial responsibility," and if the judgment creditor does not so
 consent, the judgment debtor's license will remain suspended until the debtor
 fully satisfies every judgment and "gives proof of financial
 responsibility . . ."); S.C. Code Ann. § 56-10-540 (2006) ("Whenever any proof of financial responsibility filed by any
 person as required by [the Act] no longer fulfills the purpose for which
 required, the director shall require other proof of financial responsibility
 . . . .").  
Unlike those
 sections, the statute for the failure to show a police officer proof of insurance
 is a different offense from the failure to file proof of financial
 responsibility with the DMV.  See S.C.
 Code Ann. § 56-10-225(A)-(B) (2006) (providing "[a] person whose application for registration and licensing of a motor
 vehicle has been approved by the [DMV] must maintain in the motor vehicle at
 all times proof that the motor vehicle is an insured vehicle" and
 "[t]he owner of a motor vehicle must maintain proof of financial
 responsibility in the motor vehicle at all times, and it must be displayed upon
 demand of a police officer . . .").  Therefore, the
 habitual offender statute's exception does not apply to a conviction for
 driving under suspension for failure to show proof of insurance to a police
 officer.  The ALC erred in holding Gibbs's conviction could not support the
 DMV's declaration that he was a habitual offender.  
Because we reverse the ALC on
 the above issue, we do not address the DMV's remaining arguments.  See Bailey v. S.C.
 Dep't of Health, 388 S.C. 1, 8, 693 S.E.2d 426, 430 (Ct. App. 2010)
 (holding that an appellate court need not address remaining issues when a
 decision on a prior issue is dispositive).  
REVERSED AND REMANDED.
HUFF, SHORT, and PIEPER,
 JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.