THIS OPINION HAS NO
 PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Thomas J.
 Barnes, Appellant,
 
 
 
 
 

v.

 
 
 
 Victor M. Serna
 and Does 1 Through 50, Defendants,
 
 
 Of Whom Victor
 M. Serna is the Respondent.
 
 
 
 
 

Appeal From Charleston County
 Doyet
 A. Early, III, Circuit Court
Judge

Unpublished Opinion No.  2011-UP-155  
 Submitted April 1, 2011  Filed April 12,
2011

AFFIRMED

 

 
 
 
 Thomas J. Barnes, pro se, of Goose Creek,
 for Appellant.
 Duke R. Highfield, Stephen L. Brown, and Russell
 Hines, all of Charleston, for Respondent.
 
 
 

PER CURIAM:  Thomas
 J. Barnes appeals the dismissal of his action against Victor M. Serna.  Barnes
 alleges the trial court (1) lacked jurisdiction to dismiss his case; (2)
 violated his right to due process; (3) failed to make sufficiently specific
 findings of fact and conclusions of law; and (4) abused its discretion in
 dismissing the case for the failure to prosecute and refusal to comply with a
 discovery order to produce his tax returns.  Moreover, Barnes's Statement of
 Issues on Appeal include whether the trial court abused its discretion in (1)
 granting attorney's fees and costs; (2) "sanctioning [Barnes] for no good
 cause shown" under Rule 11(a), SCRCP; and (3) "permitting [Serna] to
 shop around until [he] found a judge that dismissed th[e] case."  We
 affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: 
1.  As to whether the
 trial court lacked jurisdiction and violated Barnes's right to due process: R
 & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth., 343 S.C. 424, 437,
 540 S.E.2d 113, 120 (Ct. App. 2000) (holding an issue is
 abandoned if the appellant's brief treats it in a conclusory
 manner); Carolina Water Serv., Inc. v. Lexington Cnty. Joint Mun. Water
 & Sewer Comm'n, 367 S.C. 141, 149, 625 S.E.2d 227, 231 (Ct.
 App. 2006) ("A reference to supporting authority without any
 discussion of their applicability is conclusory
 and constitutes an abandonment of the party's reliance on those cases."), rev'd
 on other grounds, 373 S.C. 96, 97,
 644 S.E.2d 681, 681 (2007).
2. As to whether the
 trial court's dismissal order included sufficiently specific findings: Rule
 208(b)(1)(B), SCACR ("[N]o point will be
 considered which is not set forth in the statement of the issues on appeal.").
3. As to the issues
 relating to the grant of attorney's fees and costs; sanctions pursuant to Rule
 11(a), SCRCP; and court shopping: Jinks v. Richland Cnty., 355 S.C. 341,
 344 n.3, 585 S.E.2d 281, 283 n.3 (2003) (holding an issue enumerated in the
 "Statement of Issues on Appeal" that is not argued in the brief is deemed
 abandoned).
4.  As to whether the
 trial court abused its discretion in dismissing Barnes's case for the refusal
 to comply with discovery orders:[2] Rule 26(b), SCRCP (providing any nonprivileged matter is discoverable so long
 as it is "relevant to the subject matter involved in the pending
 action"); Rule 37(b)(2)(C), SCRCP (providing that when a party fails to
 obey an order to provide or permit discovery, the court "may make such
 orders in regard to the failure as are just," including the dismissal of
 the case); Barnette v. Adams Bros. Logging, Inc., 355 S.C 588, 593, 586
 S.E.2d 572, 575 (2003) ("[S]anctions imposed in
 discovery matters will not be disturbed on appeal absent a clear abuse of
 discretion.  The burden is on the party
 appealing from the order to demonstrate the trial court abused its discretion."
 (citations omitted)). 
AFFIRMED.
FEW, C.J., THOMAS and
 KONDUROS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.
[2] Because we affirm the dismissal for Barnes's failure
 to comply with discovery orders, we need not address whether dismissing the
 case for failure to prosecute was an abuse of discretion.  See Bailey
 v. S.C. Dep't of Health & Envtl. Control, 388 S.C. 1, 8, 693 S.E.2d
 426, 430 (Ct. App. 2010) (holding that an appellate court need not address
 remaining issues when a decision on a prior issue is dispositive).