THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Heath Hill, Appellant,
v.
South Carolina Department
 of Health and Environmental Control and South Carolina Electric & Gas
 Company, Respondents.
 
 
 

Appeal From Administrative Law Court
Carolyn C. Matthews, Administrative Law Court
 Judge

Unpublished Opinion No. 2011-UP-502
Heard September 13, 2011  Filed November
 9, 2011 

AFFIRMED IN PART, APPEAL DISMISSED IN PART

 
 
 
James Emerson Smith, Jr., E. Scott Winburn, and Robert Guild, all
 of Columbia, for Appellant.
Elizabeth B. Partlow, John M. S. Hoefer, and Stephen Philip
 Hightower, all of Columbia, and Francis G. Delleney, Jr., of Chester, for
 Respondents.
 
 
 

 PER
 CURIAM: Heath Hill appeals the approval by the Administrative Law Court
 (ALC) of a Class Two Industrial Solid Waste Landfill (ISWLF) permit and a
 National Pollutant Discharge Elimination System (NPDES) permit, both of which
 were issued in 2008 by Respondent South Carolina Department of Health and
 Environmental Control (DHEC) to Respondent South Carolina Electric & Gas
 Company (SCE&G).  While the matter was pending in this court, SCE&G
 moved to dismiss Hill's appeal as moot.  The motion was consolidated with
 Hill's appeal.  We grant the motion to dismiss as to the issues Hill raised
 concerning the NPDES permit and affirm the ALC's decision affirming the
 issuance of the ISWLF permit.
1. We hold Hill's challenge to the NPDES permit based on the
 alleged failure of the ALC to consider (1) a 2001 mixing zone consent agreement
 between DHEC and SCE&G and (2) the impact of groundwater seeps from the
 Wateree River Bank on arsenic levels in the Wateree River is now moot.  The NPDES
 permit has been superseded by a 2010 NPDES permit modification that took effect
 January 1, 2011, after Hill failed to make a timely request for a contested
 case hearing on the matter.  We agree with SCE&G that the 2010 permit modification
 is now the controlling document governing SCE&G's operation of its NPDES
 system and will remain so even if Hill were to prevail in this appeal on the
 issues he raised regarding the 2008 permit.  Hence, any adjudication by this
 court about the 2008 NPDES permit, even if favorable to Hill, would have
 "no practical legal effect upon [the] existing controversy."  Sloan
 v. Greenville Cnty., 356 S.C. 531, 552, 590 S.E.2d 338, 349 (Ct. App. 2003)
 (brackets in original).  
2. We further hold that none of the three exceptions to the
 mootness doctrine applies in this appeal.  Contrary to Hill's assertion that
 the controversy giving rise to this appeal is capable of repetition but evading
 review, we found no indication that his complaints concerning the NPDES permit
 "can be repeatedly presented to the trial court yet escape review at the
 appellate level because of [their] fleeting and determinate nature."  Citizen
 Awareness Regarding Educ. v. Calhoun Cnty. Publ'g, Inc., 406 S.E.2d 65, 67
 (W. Va. 1991) (quoted in Curtis v. State, 345 S.C. 557, 568, 549
 S.E.2d 591, 596 (2001)).   Furthermore, in his return to SCE&G's motion to
 dismiss, Hill made only passing references to environmental concerns and a conclusory
 assertion that the ALC order at issue here may affect future events or result
 in collateral consequences for the parties; therefore, we hold that neither public
 interest concerns nor potential repercussions for the parties warrant our
 adjudication of the propriety of the NPDES permit.  See First Sav.
 Bank v. McLean, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (deeming an
 issue abandoned because the appellant failed to provide supporting arguments or
 authority).  Accordingly, we dismiss as moot those issues in Hill's appeal
 concerning the NPDES permit.
3. As to Hill's argument that the ISWLF permit failed to control
 the effect of SCE&G's landfill "leachate" liquid, we affirm the
 ALC order pursuant to Rule 220(b)(1), SCACR, and the following authorities:
 S.C. Code Ann. § 1-23-610(B) (Supp. 2010) (providing the standard of review for
 the court of appeals when reviewing an order issued by the ALC); Bailey v.
 S.C. Dep't of Health & Envtl. Control, 388 S.C. 1, 5, 693 S.E.2d 426,
 429 (Ct. App. 2010) (stating the court of appeals cannot substitute its
 judgment for that of the ALC as to the weight of the evidence on questions of
 fact unless the ALC's findings are " 'clearly erroneous in view of the
 reliable, probative and substantive evidence in the whole record' ")
 (quoting Comm'rs of Pub. Works v. S.C. Dep't of Health & Envtl. Control,
 372 S.C. 351, 358, 641 S.E.2d 763, 766-67 (Ct. App. 2007)); id. at 5-6,
 693 S.E.2d at 429 ("Substantial evidence is not a mere scintilla of
 evidence, but evidence which, considering the record as a whole, would allow
 reasonable minds to reach the conclusion the ALC reached.") (citing Leventis
 v. S.C. Dep't of Health & Envtl. Control, 340 S.C. 118, 130, 530 S.E.2d
 643, 650 (Ct. App. 2000)).
 AFFIRMED
 IN PART, APPEAL DISMISSED IN PART.
FEW,
 C.J., and THOMAS and KONDUROS, JJ., concur.